Booth, Judge,
reviewing the facts found to be establishedj delivered the opinion of the court:
The claimant railroad company in 1906 issued and sold at a discount $11,000,000 refunding bonds and $1,960,000 of equipment notes. The transaction was fully consummated within the above year, and the books of the company disclose the loss under the profit and loss account. Subsequently Congress passed the act of August 5, 1909, 36 Stat., 112, the material portions of which are as follows:
“ Sec. 38. That every corporation * * * organized for profit and having a capital stock represented by shares * * * now or hereafter organized under the laws * * * of any State or Territory of the United States * * * *44 shall be subject to pay annually a special excise tax with respect to the carrying on or doing business by such corporation * * * equivalent to one per centum upon the entire net income over and above $5,000 received by it from all sources during each year, exclusive of amounts received by it as dividends upon stocks of other corporations * * * subject to the tax hereby imposed. * * * Second. Such net income shall be ascertained by deducting from the gross amount of the income of such corporation * * * received within the year from all sources (first) all the ordinary and necessary expenses actually paid within the year out of income in the maintenance and operation of its business and properties, including all charges, such as rentals or franchise payments, required to be made as a condition to the continued use or possession of property. (Second.) All losses actually sustained within the year and not compensated by insurance or otherwise, including reasonable allowance for depreciation of property, if any. (Third.) Interest actually paid within the year on its bonded or other indebtedness, * * * not exceeding the paid up capital stock of such corporation * * *. (Fourth.) All sums paid by it within the year for taxes * * *. (Fifth.) All amounts received by it within the year as dividends upon stocks of other corporations * * * subject to the tax hereby imposed.”
The claimant company, following the terms of the above legislation, made its annual returns to the Commissioner of Internal Eevenue for the purpose of excise assessment, omitting in each instance to claim a reduction of taxes because of the bond-and-note transaction now in issue. It now claims the right to a refund of a proportionate amount for the years 1911 and 1912 of the full discount suffered by it in the sale of said bonds and notes. The claim is not predicated upon any express provisions of the corporation excise act; on the contrary, relief is sought under a ruling of the Commissioner of Internal Eevenue wherein it was held that the contention now put forward by the claimant company was tenable. This court had occasion in the case of the Maryland Casualty Co. v. United States, 52 C. Cls., 201, to treat the issue here involved. We defined, in the above case, our views as to taxable income under the excise law of 1909. This case falls within the rule there laid down. It is, indeed, a much weaker case, for the claimant company prior to the passage *45 of the act of 1909, supra, had. fully closed the transaction now insisted upon. As affecting its income or deductions therefrom in the year 1909 it was then simply one of the claimant company’s past fiscal transactions appearing upon its books to be treated under the excise law by the commissioner as its terms demanded. This, we think, we have fully discussed heretofore.
The petition will be dismissed. It is so ordered.