## SUHR v. UNITED STATES.

(District Court, W. D. Pennsylvania. June 4, 1926.)

No. 3452.

Internal revenue ⬀38(7)—Pending taxpayer's appeal to Board of Tax Appeals, court held without jurisdiction to determine taxpayer's liability. (Act June 2, 1924, § 274 [Comp. St. § 6336⅛zz(1)]; Act Feb. 26, 1926, § 1113[a]).

Pending taxpayer's appeal under Act June 2, 1924, § 274 (Comp. St. Supp. 1925, § 6336⅛zz [1]), to Board of Tax Appeals from decision of commissioner allowing claim for refund, but asserting an additional tax liability which exceeded amount of refund, court *held* without jurisdiction to pass on taxpayer's liability, in view of Act Feb. 26, 1926, § 1113(a).

At Law. Action by Charles L. Suhr against the United States. On questions of law raised by affidavit of defense. Affidavit of defense sustained.

James Walton, of Pittsburgh, Pa., for plaintiff.

Jno. D. Meyer, of Pittsburgh, Pa., A. W. Gregg, F. F. Toomey, and L. L. Heght, all of Washington, D. C., for the United States.

SCHOONMAKER, District Judge. This case is now before the court on an affidavit of defense raising questions of law under the Pennsylvania Practice Act (Act Pa. May 25, 1887 [P. L. 271], as amended). This is in effect a demurrer, and admits all the well-pleaded allegations of fact in the plaintiff's statement of claim. These are that the plaintiff made an income tax return for the calendar year 1917, disclosing a total income tax liability of $6,741.89 which the plaintiff paid. In this return the plaintiff included as taxable income certain stock dividends which he had received during the year 1917, the amount and character of which are not disclosed by the statement of claim, nor is there set forth the amount of tax erroneously paid thereon.

After the decision by the United States Supreme Court holding that stock dividends were not taxable, the plaintiff filed with the Commissioner of Internal Revenue a claim for refundment of such part of the tax already paid by him as arose from the inclusion of stock dividends as taxable income in his return. That claim for refundment was received by the commissioner, who notified the plaintiff that he was entitled to the allowance of his claim for refundment, as far as the matter of the taxability of the stock dividend was concerned. But, at the same time, the commissioner also notified the plaintiff that, in view of an audit of his income tax return for the year 1917 and of his books and account, he was liable for an additional income tax for the year 1917 in the sum of $9,987.68, after giving him due credit for the stock dividends, and thereupon, on June 26, 1925, made a definite finding of an additional tax liability for that amount against the plaintiff, notifying him of his right of appeal to the United States Board of Tax Appeals. The plaintiff then entered such appeal, which is now pending before said board and undetermined.

The plaintiff claims that this additional tax finding is erroneous, and that on a correct computation he is entitled to a refund of $986.22, the sum of tax attributable to the stock dividends.

The plaintiff then specifies six certain errors which he alleges were made by the commissioner in his findings of additional tax liability, which are not necessary to mention in connection with a proper disposition of the questions of law raised by the affidavit of defense.

Under this state of facts, the defendant contends, as a matter of law:

(1) In view of the fact that plaintiff's appeal to the Board of Tax Appeals is now pending pursuant to the Revenue Act of 1924, § 274 (Comp. St. Supp. 1925, § 6336⅛zz[1]), the court is without jurisdiction in the premises until after the determination of that appeal, and after the plaintiff shall then have followed the remedial processes provided for by that act; and

(2) That this court has no jurisdiction to determine the plaintiff's legal liability to pay the additional tax of $9,839.80 until after the payment of the tax and the filing of a claim for refund.

We are of the opinion that the affidavit of defense must be sustained as a matter of law.

The Revenue Acts authorize the refunding of a tax paid "in excess of that properly due." Section 14(a), Act of 1916, 39 Stat. 756 (Comp. St. § 6336n); section 252, Act of 1918, 40 Stat. 1057 (Comp. St. Ann. Supp. 1919, § 6336⅛uu); Act of 1921, 42 Stat. 227 (Comp. St. Ann. Supp. 1923, § 6336⅛uu). The amount of tax properly due from the plaintiff for the year 1917 is found by the commissioner to be $17,921.07, of which there has been paid only $6,741.89. From this finding the plaintiff has appealed to the Board of Tax Appeals, and that appeal is undetermined. If that board finds against the plaintiff in this appeal, the plaintiff may, if he file a claim for refund or credit, bring suit for the recovery of such part as he may then allege to have been erroneously or illegally assessed or collected. Section 3226 of Revised Statutes, as amended by section 1014(a) of Rev-

enue Act of 1924, and re-enacted by section 1113(a) of Revenue Act of 1926. Until that time arrives, this court is without jurisdiction to pass on the question of plaintiff's tax liability in the premises. The plaintiff cannot separate one item from his tax return for which he is admittedly entitled to credit and use that as a basis of conferring jurisdiction on this court to determine the total tax liability for the year.

We think this case is, in principle, ruled by the case of Blair v. United States ex rel. Birkenstock, 46 S. Ct. 506, 70 L. Ed. ——, decided by the United States Supreme Court on May 24, 1926, wherein it was held that "there is no provision for a refund to the taxpayer for any excess payment of a quarterly installment, when the whole tax for the year has not been paid."

An order may be made sustaining the statutory demurrer in this case.