## COMMISSIONER OF INTERNAL REVENUE v. OLD COLONY R. R.

Circuit Court of Appeals, First Circuit. May 31, 1928.

No. 2200.

Internal revenue ⊂⇒7(4)—Premiums on bonds sold, received not later than 1904, held not taxable income to be prorated or amortized over life of bonds (Const. Amend. 16; Revenue Act 1918, §§ 212 (b), 213 (a); Comp. St. § 6336⅛f (b), 6336⅛ff (a); Regulation 45, art. 544, 2 (a).

Premiums on bonds sold by taxpayer, and which were received by it not later than 1904, during period when there was no federal income tax statute, and several years before adoption of Const. Amend. 16, which premiums, when received, were treated as capital and expended for improvements, *held* not taxable income "for the taxable year in which received by the taxpayer," under Revenue Act 1918, §§ 212 (b), 213 (a), Comp. St. §§ 6336⅛f (b), 6336⅛ff (a), "which should be prorated or amortized over the life of the bonds," under Regulation 45, art. 544, 2 (a), and part of premiums apportioned to year 1920 was therefore not taxable, in view of Revenue Act 1918, §§ 230 (a), 232, 233, 234 (a), Comp. St. §§ 6336⅛nn (a), 6336⅛oo, 6336⅛p, 6336⅛pp (a).

Appeal from the Board of Tax Appeals.

Petition by the Commissioner of Internal Revenue to review a final order of the Board of Tax Appeals, setting aside the Commissioner's order assessing a deficiency income tax against the Old Colony Railroad for the calendar year 1920. Decision of Board of Tax Appeals affirmed.

V. J. Heffernan, of Washington, D. C. (Mabel Walker Willebrandt, Asst. Atty. Gen., C. M. Charest, General Counsel Bureau of Internal Revenue, of Washington, D. C., on the brief), for petitioner.

James S. Y. Ivins, of Washington, D. C. (Arthur W. Blackman, of Boston, Mass., Joseph D. Brady, of New Haven, Conn., and J. W. Edwards, of Washington, D. C., on the brief), for Old Colony Railroad.

Samuel H. Cady, of Chicago, Ill., and Nelson Trottman, of Milwaukee, Wis., amici curiæ.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

BINGHAM, Circuit Judge. This is a petition to review a final order of the Board of Tax Appeals, setting aside an order of the Commissioner of Internal Revenue assessing a deficiency income tax against the Old Colony Railroad Company for the calendar year 1920.

March 1, 1893, the Old Colony leased its lines and property to the New York, New Haven & Hartford Railroad Company for a series of years, and the lease was in force during the year 1920. In it the lessee agreed to pay the federal income and profits taxes of the lessor upon its taxable income for each taxable year. In 1921 the Old Colony filed an income tax return for 1920 under the Revenue Act of 1918 (40 Stat. 1057). In 1924 and again in 1925 the Commissioner by letters advised the Old Colony of an additional income tax liability of $765.67, determined by treating as additional income for that year the sum of $6,960.64 (being the apportionment to the taxable year of premiums on bonds sold as hereinafter stated) and $696.06, which was the federal income tax computed on such additional income of $6,960.64. Between 1895 and 1904 the Old Colony issued bonds, which were sold at premiums aggregating $199,528 in excess of the face amounts thereof. When the premiums were received they were entered in an account entitled "Premium on Bonds." In 1914 the Interstate Commerce Commission required the Old Colony, for the purpose of its reports to the Interstate Commerce Commission, to amortize such premiums over the periods of the respective lives of the bonds. For the purpose of meeting the requirements of the Interstate Commerce Commission, and under its protest to the Commission, the Old Colony made such adjustments up to June, 1914, and thereafter each year transferred $6,960.64 from the "Premium on Bonds" account to the profit and loss account (a surplus account), representing the annual apportionment of premiums on the bonds required by the Interstate Commerce Commission to be so transferred. The Old Colony did not include in its 1920 return the sum of $6,960.64 transferred that year as above stated, not regarding it as income. But the Commissioner, regarding it as income, found an additional tax due thereon of $696.06 and considering this additional

26 F.(2d)—26½

tax as payable by the lessee, the New York, New Haven & Hartford Railroad, and as constituting additional income to the lessor, the Old Colony, levied on these two items a tax of $765.67.

The Board of Tax Appeals entered a no deficiency order, holding that the Commission erred in treating the amount ($6,960.64) of the amortized premium as income, for the reason that "the amortization of the premiums on the bonds * * * cannot give rise to income where no transaction has occurred during the taxable year with reference to the sale, purchase or payment of the bonds." It is contended by the Commissioner that the decision is wrong.

Article 16 of the Constitution, in force February 25, 1913, provides:

"The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several states, and without regard to any census or enumeration."

Revenue Act of 1918 (40 Stat. 1057–1152) provides:

"Sec. 230(a). That * * * there shall be levied, collected, and paid for each taxable year upon the net income of every corporation a tax. * * *" Comp. St. § 6336⅛nn (a).

"Sec. 232. That in the case of a corporation subject to the tax imposed by section 230 the term 'net income' means the gross income as defined in section 233 less the deductions allowed by section 234, and the net income shall be computed on the same basis as is provided in subdivision (b) of section 212 or in section 226." Comp. St. § 6336⅛oo.

"Sec. 233. That in the case of a corporation subject to the tax imposed by section 230 the term 'gross income' means the gross income as defined in section 213. * * *" Comp. St. § 6336⅛p.

"Sec. 213. That * * * the term 'gross income'—

"(a) Includes gains, profits, and income derived from * * * businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, * * * or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be

properly accounted for as of a different period." Comp. St. § 6336⅛ff (a).

"Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year. * * *

"(2) All interest paid or accrued within the taxable year on its indebtedness. * * * " Comp. St. § 6336⅛pp (a).

"Sec. 212. (b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but * * * if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income." Comp. St. § 6336⅛f (b).

Article 544 of Regulation 45, based upon the Revenue Act of 1918, provides:

"(2) (a) If bonds are issued by a corporation at a premium, the net amount of such premium is gain or income which should be prorated or amortized over the life of the bonds.

"(3) (a) If bonds are issued by a corporation at a discount, the net amount of such discount is deductible and should be prorated or amortized over the life of the bonds."

It is to be borne in mind that the premiums here in question were received by the Old Colony not later than 1904, and during a period of time when there was no federal statute authorizing the laying and collection of taxes on incomes, and several years prior to the adoption of the Sixteenth Amendment (February 25, 1913), authorizing Congress to lay and collect taxes on incomes without apportionment among the several states, and that these premiums when received were re-garded and treated as capital and expended in the improvement of its road.

The question then is whether the premiums that were received by the taxpayer not later than 1904, are income of the taxpayer that may be amortized over the life of the bonds and the sum or part of the premiums apportioned to the year 1920 be taxed in 1920 to the taxpayer as a part of its income in that year under section 213(a) and 212(b) of the Revenue Act of 1918.

If it be assumed that the premiums received in 1904 and prior thereto were income, can they be said to be taxable income "for the taxable year in which received by the tax-payer" (section 213(a), "which should be prorated or amortized over the life of the bonds" (article 544, Reg. 45, 2 (a). It seems to us that the answer to this question disposes of the case, and that the answer must be in the negative. The premiums, when received, were treated and used as capital. They were not received in 1920, the tax year in question, but some 16 or more years prior thereto. At that time there was no federal statute imposing a tax upon incomes and no provision of the Constitution giving Congress power to lay or collect taxes on incomes without apportionment, which the Revenue Act of 1918 unquestionably does. It is not to be presumed that Congress by the act of 1918 intended to tax the whole or any part of the premiums on bonds received prior to February 25, 1913, whether the life of the bonds extended into a taxable year subsequent to February 25, 1913, or not, as it was beyond its power to do so at the time they were received. See Lynch v. Turrish, 247 U. S. 221, 38 S. Ct. 537, 62 L. Ed. 1087; Southern Pacific Co. v. Lowe, 247 U. S. 330, 38 S. Ct. 540, 62 L. Ed. 1142; Doyle v. Mitchell Bros. Co., 247 U. S. 179, 38 S. Ct. 467, 62 L. Ed. 1054; Hays v. Gauley Mountain Coal Co., 247 U. S. 189, 38 S. Ct. 470, 62 L. Ed. 1061; Merchants' Loan & Trust Co. v. Smietanka, 255 U. S. 509, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305; Goodrich v. Edwards, 255 U. S. 527, 41 S. Ct. 390, 65 L. Ed. 758.

This question, as we understand it, has not heretofore been passed upon by any court. A somewhat analogous question was decided by the Court of Claims, in the case of Chicago & Alton Railroad Co. v. United States, 53 Ct. Cl. 41. There the corporation in 1906 issued and sold its bonds at a discount and the amount of the discount was entered in a "Profit and Loss" account of that year. In 1909 the Corporation Excise Tax Act (36 Stat. 112), was enacted. In filing its returns for 1911 and 1912 under that act, the corporation did not claim deductions for the discount, but later filed claims for refunds for those years of a proportionate amount of the discount. The Commissioner rejected the claims for refunds and the Court of Claims approved his decision. The significant thing about the case is that the court declined to allow the taxpayer, who had sustained a loss in 1906 in the amount of discount then made in the sale of bonds extending over a period of years, to have such loss amortized and allowed as a deduction in de-

termining the amount of the taxpayer's tax for the years 1911 and 1912.

The decision of the Board of Tax Appeals is affirmed.