## EMERY et al. v. UNITED STATES.

District Court, W. D. Pennsylvania.   June 9, 1928.

### No. 3431.

1. Internal revenue ⬅➞38(5)—One appealing to Board of Tax Appeals from levy of additional tax found not due may sue for refund, though period for Commissioner's appeal had not expired (Revenue Act 1926, §§ 283(f), 284 (d, e); 26 USCA §§ 1064(f), 1065(d, e); Revenue Act 1924 [26 USCA §§ 1211–1222]).

Revenue Act 1926, §§ 283(f), 284(e), 26 USCA §§ 1064(f), 1065(e), do not deprive one appealing to Board of Tax Appeals under Revenue Act of 1924 (26 USCA §§ 1211–1222, Comp. St. §§ 6371⅕b(a) to 6371⅕b(k) from Internal Revenue Commissioner's proposed levy of additional tax of right to bring action in District Court for refund after Board's decision that no such tax was due, in view of exception of section 284(d), 26 USCA § 1065(d), though period granted Commissioner for appeal had not expired.

2. Appeal and error ⬅➞460(1)—Judgment ⬅➞580—Appeal does not suspend effect of judgment, but judgment is binding until reversed.

Appeal from a judgment does not suspend its effect, though appeal may stay execution thereon; but, until reversed, judgment is binding on parties on every question directly decided.

At Law.   Action by Earle C. Emery and another, executors of the last will and testament of Lewis Emery, Jr., deceased, against the United States.   On motion of the United States, under its affidavit of defense, to dismiss the petition.   Motion overruled.

James Walton, of Pittsburgh, Pa., for plaintiffs.

John D. Meyer, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa., and C. M. Charest, General Counsel Bureau of Internal Revenue, and Wm. T. Sabine, Jr., Spec. Atty. Bureau of Internal Revenue, both of Washington, D. C., for the United States.

THOMSON, District Judge.   This case is before the court on an affidavit of defense raising questions of law under the Pennsylvania Practice Act of 1915 (Pa. St. 1920, §§ 17181–17204).   The action is brought to recover $37,054.93, alleged to have been erroneously paid by Lewis Emery, Jr., decedent, for the year 1917.

The legal position of the defendant is that this court is without jurisdiction to hear and determine the issue involved, because of certain proceedings had before the United States Board of Tax Appeals.   In order to determine this question, it is essential to.

know just what the proceedings were, and their respective dates.

On October 21, 1925, the taxpayer received notice from the Commissioner of Internal Revenue that an additional tax for the year 1917, in the amount of $117,329.38, would be levied against him. Following this notice, on December 8, 1925, the plaintiffs filed an appeal to the United States Board of Tax Appeals, praying for a rehearing and redetermination of the alleged additional tax, and on January 21, 1926, this suit for refund of $37,054.93 was filed.

On February 26, 1926, the Revenue Act of 1926 (44 Stat. 9) was enacted. Beginning on June 15, 1927, before the Board of Tax Appeals, hearings were had on the merits of the taxpayer's appeal from the Commissioner's proposed levy of additional tax. On November 25, 1927, the Board of Tax Appeals handed down a decision to the effect that no additional tax was due and owing from the plaintiffs, upon which a formal judgment to that effect was entered by the Board on November 29, 1927. On January 23, 1928, by leave of court, plaintiffs filed an amendment to the original complaint, exhibiting fully the proceedings before the Board of Tax Appeals as above set forth. On February 15, 1928, defendant's affidavit of defense, raising questions of law, was filed. The additional tax as originally assessed was in March, 1923, and this demand for payment was met by the taxpayers filing with the Commissioner a claim for abatement, of the entire amount, and thereafter the claim was modified a number of times, finally resulting in the appeal to the Board of Tax Appeals as above stated.

We are not now passing on the question of the merits of plaintiff's claim, but on the question of the jurisdiction of this court to pass upon it. From the statement of the proceedings hereinbefore made, it appears that the petition was filed under the provisions of the Internal Revenue Act of 1924. 26 USCA §§ 1211–1222; Comp. St. §§ 6371⅕b (a) to 6371⅕b (k). Before the passage of the Revenue Act of 1926, the additional tax had been assessed against the taxpayer, and to contest that assessment he had appealed to the Board of Tax Appeals.

At the time the plaintiffs drafted their pleadings in the Board of Tax Appeals, December 8, 1925, the jurisdiction of that Board was found in the Revenue Act of 1924. Under that act, the Board had no jurisdiction to make a finding of a refund or overpayment, and the pleadings were therefore, naturally drawn accordingly. The case, although tried after the enactment of the Revenue Act of 1926, was naturally tried and decided upon the pleadings as filed.

[1] It is the contention of the government that, notwithstanding the fact that the petition was filed under the act of 1924, which gave the Board no power to pass on a question of refund, by reason of section 283 (f) of the act of 1926 (26 USCA § 1064 (f), exclusive jurisdiction to hear any question of refundable tax was solely vested in the Board of Tax Appeals. Examining that section we see that, while its general provisions are in harmony with the government's contention, and would deny the plaintiff the right to bring this action in court, the plaintiff appears to come within the exception contained in the concluding part of the paragraph, which provides as follows:

"In all such cases the powers, duties, rights, and privileges of the Commissioner and of the person who has brought the appeal, and the jurisdiction of the Board and of the courts, shall be determined, and the computation of the tax shall be made, in the same manner as provided in subdivision (e) of this section, except as provided in subdivision (j) of this section *and except that the person liable for the tax shall not be subject to the provisions of subdivision (d) of section 284.*" (26 USCA § 1064 (f).

Turning to section 284 (d), 26 USCA § 1065 (d) we find that this is the section which prohibits an action in court, where an appeal to the Board of Tax Appeals has been taken, and inasmuch as the provisions of that section have been specifically excepted from the provisions of 283 (f), the latter section has no application to the facts of this case.

It would seem, therefore, that section 284 (d), which prohibits the bringing of suits in court where a case has been taken by appeal to the Board of Tax Appeals, being specifically excepted under section 283 (f), the statute, instead of denying the right to an action in court, would appear to extend that right to the plaintiff.

Nor would it seem that section 284 (e) of the Revenue Act of 1926 (26 USCA § 1065 (e), which attempts to confer upon the Board jurisdiction to determine an overpayment, has any relevancy to the question here. This because, by the paragraph immediately preceding 284 (d), the inhibition against court action is expressly excepted. When considered in the light of 284 (d) and 283 (f), section 284 (e) may be fairly held to refer to those cases where petitions were filed with the Board of Tax Appeals after the enact-

ment of the act of 1926. If this be true, that section of the act has no bearing on the case before us, as this petition was brought before the Board under the act of 1924, and therefore, was controlled by sections 283 (f) and 284 (d), above referred to. Nor would it appear material that the action of the Board, finding and adjudging that no additional tax whatever was due and owing from the plaintiff, was not acquiesced in by the Commissioner, although the six months' period granted him for an appeal had not expired at the time of the hearing of this motion.

[2] The appeal from a judgment does not suspend its effect. The appeal when perfected, may stay execution upon the judgment from which it is taken; but, until reversed, it stands binding upon the parties on every question directly decided.

I would hesitate to deny to the plaintiff the benefits of an action in court, unless jurisdiction were plainly taken away by congressional action. As I am not so convinced, the government's motion on the statutory demurrer, raised by the affidavit of defense, praying that the complaint petition be dismissed, is overruled, and the questions of law found in favor of the plaintiffs.