## OLD COLONY R. CO. v. UNITED STATES.

District Court, D. Massachusetts. July 19, 1928.

No. 3151.

1. **Internal revenue** ⟊38(5)—Taxpayer appealing to Board of Tax Appeals held not deprived of right to sue for refund (Revenue Act 1926, §§ 283(b, j), 284(d); 26 USCA §§ 1064(b, j), 1065(d).

Revenue Act 1926, §§ 283(b, j), 284(d), 26 USCA §§ 1064(b, j), 1065(d), do not take from taxpayer, appealing to Board of Tax Appeals before passage of such act for redetermination of deficiency in taxes imposed by prior acts, right to sue in courts for taxes illegally exacted for taxable year in respect to which Commissioner of Internal Revenue has determined deficiency.

2. **Internal revenue** ⟊25—Board of Tax Appeals could not adjudicate total liability of taxpayer appealing from deficiency determination (Revenue Act, § 900(g); 26 USCA § 1218).

Board of Tax Appeals, as independent agency of executive branch of government whose sole function is to review Internal Revenue Commissioner's determinations under Revenue Act 1924, § 900 (26 USCA §§ 1211–1222; Comp. St. §§ 6371⅝b(a) to 6371⅝b(k), had no power thereunder to adjudicate total liability of taxpayer appealing from deficiency determination

of Commissioner, in view of 26 USCA § 1218, subd. (g), Comp. St. § 6371⅝b(g), declaring Board's finding prima facie evidence of facts therein stated, in suit to recover amounts paid pursuant to its decision.

3. **Internal revenue** ⟊38(4)—Statutes ⟊64(8)—Inclusion of nontaxable income in corporation's gross income would not invalidate entire Revenue Act, nor require recovery of tax in one proceeding (Revenue Act 1918, § 230 [Comp. St. § 6336⅛nn]).

While income tax, imposed by Revenue Act 1918, § 230 (Comp. St. § 6336⅛nn), was a single tax on entire net income of corporation, whole act would not fall because of inclusion in gross income of income beyond Congress' power to tax, nor would tax be recoverable in only one proceeding.

4. **Internal revenue** ⟊25—Board of Tax Appeal's decision upholding inclusion of premiums on bonds in railroad's gross income held not res judicata in suit for refund (Revenue Act 1926, § 284(d, e); 26 USCA § 1065(d, e); Revenue Act 1918, § 230, Comp. St. § 6336⅛nn; Federal Control Act 1918; Comp. St. § 3115¾a et seq.; Jud. Code, § 24 [20], as amended by Act Feb. 24, 1925; 28 USCA § 41[20]).

While Board of Tax Appeals has jurisdiction, under Revenue Act 1926, § 284(e), 26 USCA § 1065(e), to determine and order refunds of taxes illegally exacted, such Board's decision as to correctness of Internal Revenue Commissioner's inclusion in railroad's gross income for 1920 of premiums on railroad bonds issued in earlier years is not res judicata in suit under Judicial Code, § 24(20), as amended by Act Feb. 24, 1925, 28 USCA § 41(20), to enforce claim for refund of taxes, paid for such year by its lessee and Director General of Railroads, under Revenue Act 1918, § 230, Comp. St. § 6336⅛nn, and Federal Control Act March 21, 1918 (Comp. St. § 3115¾a et seq.), after its rejection by Commissioner; Revenue Act 1926, § 284(d), 26 USCA § 1065(d), not applying to appeal to Board before such act was passed.

5. **Internal revenue** ⟊25—Effect of Board of Tax Appeals' decision disallowing deficiency before suit for refund was not suspended by subsequent appeal, and no taxes were unpaid when by act petition was filed (Jud. Code, § 24(20), as amended Act Feb. 24, 1925; 28 USCA § 41(20); Revenue Act 1926, § 274(b); 26 USCA § 1048(b).

Board of Tax Appeals having disallowed deficiency determined by Commissioner of Internal Revenue before suit for refund was brought under Judicial Code, § 24(20), as amended by Act Feb. 24, 1925 (28 USCA § 41(20), subsequent appeal did not suspend effect of such decision, and no taxes were unpaid when petition was filed, in view of Revenue Act 1926, § 274 (b), 26 USCA § 1048 (b).

At Law. Action by the Old Colony Railroad Company (New York, New Haven & Hartford Railroad Company, lessee) against the United States, which filed a plea to the jurisdiction and a motion to dismiss. Plea and motion overruled.

Frank A. Farnham, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. M. Leinenkugel, Sp. Asst. U. S. Atty., both of Boston, Mass., and C. M. Charest, Gen. Counsel, Bureau of Int. Revenue, of Washington, D. C. (L. A. Norman, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for the United States.

BREWSTER, District Judge. The petitioner in the above-entitled matter brings this petition to recover an income tax paid for the calendar year 1920, alleging in brief that it returned and paid a tax of $170,873.43 which was not legally due.

The respondent filed a plea to the jurisdiction and a motion to dismiss. These pleadings are based upon the following propositions:

(1) That by reason of certain provisions of the Revenue Act of 1926 (44 Stat. 9) the only course that was open to the petitioner to recover a refund was to amend a proceeding pending before the Board of Tax Appeals.

(2) That the matters in issue had already been adjudicated by the Board of Tax Appeals, or, if not, that they were pending before the Circuit Court of Appeals for this circuit.

(3) That the plaintiff had not paid its entire income tax for the year 1920, and therefore a suit for a refund could not be maintained.

The parties agreed to certain facts which they deemed material to the issues raised by these pleadings. The case is presented upon the pleadings and the agreed facts. The merits of the controversy are not now before the court.

The jurisdictional facts may well be assembled in chronological order:

(1) Prior to December 15, 1921, there had been paid by the petitioner, or for its account, an income tax, shown by its return to be due for the calendar year 1920, to the total amount of $170,873.43.

(2) On October 22, 1924, the petitioner filed with the Commissioner of Internal Revenue a claim for a refund of the total tax paid. The claim was based upon two grounds:

(a) That the taxes paid by its lessee did not constitute income taxable to the petitioner; and

(b) That the petitioner was entitled to have its taxes computed on the basis of a consolidated return with the New York, New Haven & Hartford Railroad Company.

(3) On August 6, 1925, the Commissioner of Internal Revenue notified the petitioner that its tax return for 1920 had been re-examined, and that he had determined a deficiency tax of $765.66. The additional assessment was based upon the Commissioner's claim that certain premiums on bonds sold prior to 1909 should be apportioned to the year 1920 and included in petitioner's gross income.

(4) On October 5, 1925, the petitioner filed with the Board of Tax Appeals its appeal from the determination of the deficiency. The only issue on the pleadings before the Board of Tax Appeals on this appeal was whether the action of the Commissioner in thus apportioning the bond premium was correct.

(5) On October 27, 1925, the Commissioner advised the petitioner that he had rejected its claim for a refund.

(6) On February 26, 1926, the Revenue Act of 1926 became law.

(7) On February 14, 1927, the Board of Tax Appeals held its first and only hearing on the petitioner's appeal from the Commissioner's determination of a deficiency of $765.66.

(8) On April 26, 1927, the Board of Tax Appeals handed down its decision, holding that there was no deficiency in taxes due from the petitioner for the year 1920. The sole question which the Board of Tax Appeals considered and decided was whether the Commissioner was right in his contention that the premiums received must be allocated over the life of the bonds and an aliquot part included in the income for the year 1920. The Board decided that the Commissioner erred in treating the amount of the amortization as income.

(9) On October 24, 1927, this petition was filed in the District Court for this district.

(10) On October 26, 1927, the Commissioner of Internal Revenue petitioned for a r view, by the Circuit Court of Appeals for this Circuit, of the decision of the Board of Tax Appeals. It may be added parenthetically that, since this matter was argued before me, the Circuit Court of Appeals has affirmed the decision of the Board of Tax Appeals.

The petition is brought under section 24, paragraph 20, of the Judicial Code, as amended February 24, 1925 (28 USCA § 41 (20), which confers upon this court jurisdiction of any suit commenced after the passage of the Revenue Act of 1921 (42 Stat. 227) for the recovery of any internal revenue tax alleged to have been erroneously or illegally

assessed or collected, regardless of amount, if the collector of internal revenue, by whom the tax was collected, was not in office at the time of such suit.

In its petition the petitioner alleges as grounds for recovery the 'right to file with the New York, New Haven & Hartford Railroad Company consolidated returns, and that its return of gross income erroneously included the amount of federal tax for 1920 paid for petitioner by the New York, New Haven & Hartford Railroad Company, as lessee, and the 2 per cent. normal tax for 1920 paid by the Director General of Railroads under the provisions of the Federal Control Act of March 21, 1918 (Comp. St. § 3115¾a et seq.), and section 230 of the Revenue Act of 1918 (Comp. St. § 6336⅛nn).

It thus appears that the claims sought to be enforced in these proceedings are identical with those presented to the Commissioner in the claim for refund, and do not involve the matters brought before the Board of Tax Appeals.

This suit, therefore, is one to recover internal revenue taxes alleged to have been erroneously assessed and illegally collected by a collector no longer in office.

[1] The power of this court to entertain the suit would be beyond doubt were it not for certain provisions, presently to be noted, incorporated into the Revenue Act of 1926, which it is claimed affect the rights of a taxpayer who has petitioned the Board of Tax Appeals for a redetermination of a deficiency to sue in the courts to recover any part of the tax for the taxable year in respect of which the Commissioner has determined the deficiency. These provisions are found in section 283, subdivisions (b) and (j), 26 USCA §§ 1064 (b), (j), dealing with deficiencies in taxes imposed by prior acts, and in section 284, subdivision (d), 26 USCA § 1065 (d), which relates to credits and refunds. These subdivisions, so far as pertinent to the present inquiry, are as follows:

Section 283 (b): "If before the enactment of this act any person has appealed to the Board of Tax Appeals under subdivision (a) of section 274 of the Revenue Act of 1924 * * * and the appeal is pending before the Board at the time of the enactment of this act, the Board shall have jurisdiction of the appeal. In all such cases the powers, duties, rights, and privileges of the Commissioner and of the person who has brought the appeal, and the jurisdiction of the Board and of the courts, shall be determined, and a computation of the tax shall be made, in the same manner as provided in subdivision (a) of this section, except as provided in subdivision (j) of this section and except that the person liable for the tax shall not be subject to the provisions of subdivision (d) of section 284."

Section 283 (j): "In cases within the scope of subdivision (b) * * * of this section where any hearing before the Board has been held before the enactment of this act and the decision is rendered after the enactment of this act, such decision shall, for the purposes of this title, be considered to have become final upon the date when it is rendered and neither party shall have any right to petition for a review of the decision. The Commissioner may, within one year from the time the decision is rendered, begin a proceeding in court for the collection of any part of the amount disallowed by the Board, unless the statutory period of limitations properly applicable thereto has expired before the appeal was taken to the Board. * * * *"

Section 284 (d): "If the Commissioner has mailed to the taxpayer a notice of deficiency under subdivision (a) of section 274, and if the taxpayer after the enactment of this act files a petition with the Board of Tax Appeals within the time prescribed in such subdivision, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court, except * * * (2) as to any amount collected in excess of an amount computed in accordance with the decision of the Board which has become final. * * * *"

As I construe these sections, they do not take away any rights a taxpayer enjoyed prior to the 1926 act to sue in the courts for illegally exacted taxes in any case where the appeal was filed with the Board of Tax Appeals prior to the passage of the act. By its own terms, section 284 (d) is limited to taxpayers who petitioned for a redetermination after the enactment of the act and clearly the exceptions of section 283 (b) extend to any person liable for the additional tax who has appealed to the Board before the enactment.

The same construction has been put upon similar provisions in section 283 (f) in Emery et al., Executors, v. United States, 27 F.(2d) 992, recently decided in the District Court of the United States for the Western District of Pennsylvania; the court there stating that "it would seem, therefore, that section 284 (d), which prohibits the bringing of suits in court where a case has been taken

by appeal to the Board of Tax Appeals, being specifically excepted under section 283 (f), the statute instead of denying the right to an action in court, would appear to extend that right to the plaintiff."

It follows, therefore, that this court has jurisdiction to entertain the suit.

[2] The remaining questions to be considered arise on respondent's motion to dismiss. It is contended that the petitioner should not prevail, because it has already been finally adjudicated by the Board of Tax Appeals that the petitioner is not entitled to a refund. It is not, and cannot be, claimed as a matter of fact that the Board passed upon this right. The only question considered by the Board was whether the Commissioner of Internal Revenue was correct in including in the gross income of the railroad a part of the amortized premiums on bonds issued in earlier years. In the opinion handed down by the Board disallowing the deficiency, it expressly refrained from any consideration of a claim for refund, and the only question reviewed by the Circuit Court of Appeals was whether these premiums should be treated as a part of the 1920 income. Commissioner of Internal Revenue v. Old Colony R. R., 26 F.(2d) 408 (C. C. A. 1st Circuit, decided May 31, 1928).

The issues raised on this petition relate to entirely different items of income, and involve the right to file consolidated returns with the New York, New Haven & Hartford Railroad Company, none of which matters were before the Board on the pleadings, nor were they considered by it.

As I understand the contention of the government, it is that after the enactment of the 1926 law, extending the jurisdiction of the Board of Tax Appeals to a determination of the amount of any overpayments of the tax for the taxable year in respect of which the Commissioner determined a deficiency (section 284 (e), 26 USCA § 1065 (e), the only course open to the taxpayer who had an appeal pending before the Board upon which no hearings had been held—283 (j)—was to submit the question of his total tax liability to the Board and there press his claim for a refund, and that, failing to do this, he was without remedy in the courts. The argument advanced in support of this contention proceeds along these lines: It is pointed out that, under its more limited jurisdiction under the Revenue Act of 1924, the Board had consistently held that it had authority to determine the correct amount of the deficiency, whether greater or less than that found by the Commissioner, citing

Appeal of Gutterman Strauss Co., 1 B. T. A. 243, Appeal of E. J. Barry, 1 B. T. A. 156, and Appeal of Estate of Mary E. Jackman, 2 B. T. A. 515; that any determination of the correct amount of a deficiency necessarily involved an inquiry into the total tax liability of the taxpayer for the taxable period in question and also into the amount paid on account of such taxes; that the petitioner's income tax for any taxable period must be treated as an entirety and all questions as to its income tax liability for the year 1920 must be disposed of in one proceeding; that section 284 (e) gave to the Board of Tax Appeals authority to determine the amount of any overpayment; that the decision of the Board finding no deficiency, and no amount to be refunded or credited, was tantamount, in legal contemplation, to an adverse adjudication by that Board upon petitioner's claim for refund, leaving the petitioner with his right to a review by the Circuit Court of Appeals as his only remedy.

From these premises, the conclusion is reached that the act of 1926 effectually swept away all rights of the petitioner to now resort to the courts for a recovery of taxes paid for the year in respect of which the deficiency was found by the Commissioner.

This I understand to be the essence of the arguments, oral and written, urged upon the attention of the court by the counsel for the government, so far as they are germane to the facts of the case at bar.

I can go with the learned solicitor along this line of argument a part of the way, but I am unable to follow it to the conclusion.

I regard the rulings of the Board respecting its authority under the 1924 act as warranted by the statute and compatible with their somewhat limited functions as an independent agency of the Executive Branch of the Government (section 900, Act of 1924, 26 USCA § 1211–1222, Comp. St. §§ 6371⅚b (a) to 6371⅚b (k), whose "sole function consists in reviewing on appeal, determinations of the Commissioner under the Revenue Laws" (Mr. Justice Brandeis in Williamsport Wire Rope Co. v. United States, 277 U. S. ——, 48 S. Ct. 587, 72 L. Ed. ——); but it is clear that it had no power to adjudicate the total tax liability of any taxpayer who appealed from a deficiency determination of the Commissioner. The provisions of the act declaring that, in any suit to recover any amounts paid in pursuance of a decision of the Board, the findings of the Board should be prima facie evidence of the facts therein stated (Revenue Act 1924, § 900 (g), 26 USCA § 1218; Comp. St. §

6371⅝b (g), would negative any such authority.

[3] As a general proposition, I would agree that the income tax imposed by section 230 of the Revenue Act of 1918 was a single tax, measured by and assessed upon the entire net income of the corporation, as the words "net income" are defined in the act, but the whole act would not fall because Congress included in its gross income, income that was beyond the power of Congress to tax. Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 15 S. Ct. 673, 39 L. Ed. 759; Evans v. Gore, 253 U. S. 245, 40 S. Ct. 550, 64 L. Ed. 887, 11 A. L. R. 519. Nor would it follow that this tax could only be determined, assessed, collected or recovered in one proceeding. If different installments of a tax were paid to different collectors, one suit to recover the taxes so paid could not be brought. Coffey v. Exchange National Bank (C. C. A.) 296 F. 807.

[4] I find nothing in the statutes or in the nature of the tax that would prevent a taxpayer from resisting a deficiency in the Board of Tax Appeals and contemporaneously seeking to recover in the courts other taxes already paid but illegally exacted. I have no reason to doubt the statement of petitioner's counsel that such situations have frequently arisen under prior Revenue Acts. While it is true that under the 1926 act the Board has jurisdiction to determine and order refunds—284 (e)—I am unable to note any provisions other than section 284 (d) that would operate to compel a taxpayer to invoke this jurisdiction if he did not so elect, and, as already pointed out, this section does not apply to an appeal brought before the act was passed. If then the petitioner did not in fact submit to the Board of Tax Appeals its claim for refund of taxes paid, and it was not required so to do by any provision of law, the decision of that Board on the correctness of an unrelated administrative decision of the Commissioner cannot be pleaded as res adjudicata in a suit to enforce its claim to the refund after it has been rejected by the Commissioner. I do not think the premises justify the conclusion for which the government has so earnestly contended.

The time within which suit for recovery of the 1920 taxes could be brought was about to expire when this petition was filed, and I would hesitate to overlook actualities and proceed upon a legal fiction, based upon an asserted proposition that in an action between the same parties a prior judgment or decree upon the merits is conclusive of every matter that might have been litigated in the earlier suit, when such a course would deny to the petitioner all opportunity to now prosecute its claim in the courts or elsewhere. Moreover, I doubt very much whether this application of the doctrine of res adjudicata would hold, when the suit between the same parties was based upon entirely different claims. I am far from being persuaded that such results can be reconciled with any legal principle or any established practice in the courts.

[5] The government has cited, as tending to support its position, the case of Suhr v. United States (D. C.) 14 F.(2d) 227, affirmed in (C. C. A.) 18 F.(2d) 81. That case is plainly distinguishable on the facts. There the deficiency was largely in excess of the asserted claim for refund. The claim had apparently been allowed and credited against the deficiency, and the whole matter was pending before the Board of Tax Appeals when suit was brought. In the instant case the amount of the refund claimed is $170,873.43, and the amount of the deficiency was only $765.66, and before this suit was instituted the Board of Tax Appeals had rendered its decision in favor of the petitioner.

It thus appears on the facts before me that, when this suit was brought, no proceedings were pending in the Board of Tax Appeals. The subsequent appeal would not suspend the effect of this decision of the Board. Emery et al., Executors, v. United States, supra.

Under the act of 1926 there could be no assessment or collection of any part of the deficiency disallowed as such by the Board of Tax Appeals (section 274 (b), 26 USCA § 1048 (b); consequently no taxes were outstanding and unpaid when the petition was filed.

I have reached the conclusion, therefore, that the court has jurisdiction over the controversy between the petitioner and the United States government; that the issues raised by the pleadings have not yet been adjudicated by any competent tribunal, nor was there any suit pending between the same parties involving the same issues; and that all the taxes that had been assessed against the petitioner for the year 1920 had been paid.

From these conclusions it follows that the plea to the jurisdiction and the motion to dismiss must be overruled, and I so order.