### COMMISSIONER OF INTERNAL REVENUE v. OLD COLONY R. CO.

### No. 2515.

Circuit Court of Appeals, First Circuit.

June 10, 1931.

Lionel A. Norman, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for Commissioner.

James S. Y. Ivins, of Washington, D. C. (Brewster, Ivins & Phillips, Kingman Brewster, and O. R. Folsom-Jones, all of Washington, D. C., on the brief), for Old Colony R. Co.

Before BINGHAM and WILSON, Circuit Judges, and LOWELL, District Judge.

LOWELL, District Judge.

This is an appeal by the Commissioner of Internal Revenue from a decision of the Board of Tax Appeals. The suit concerns income taxes for the year 1921 which the Commissioner contends are due from the Old Colony Railroad Company.

In 1893 the Old Colony leased its railroad lines to the New York, New Haven & Hartford Railroad Company, under an arrangement whereby the New Haven was to operate the railroad and pay a certain rental, including all taxes. Between 1893 and 1904 the Old Colony issued long-term bonds, which were sold at premiums amounting to $199,528.08. It kept its books on a cash payment basis until compelled by the Interstate Commerce Commission to keep them on an accrual basis.

The question to be solved in the case at bar is whether profit arising from the sale of the bonds may be taken into account in determining the expense to be allowed the Old Colony as a deduction. If the books were kept on a cash basis, the deduction allowable would be the interest paid on the bonds, and only that, as that would be the cash disbursement for the year. The Commissioner contends, however, that the real expense in connection with the payment of the interest on the bonds is the amount of it less an aliquot part of the profit, apportioned to the year 1921, amounting to $6,960.64, as the bonds cost the company less than the amount represented by the rate of interest.

There are no authorities precisely in point, and the decided cases in which somewhat similar questions arose relate to companies whose books were kept on a cash basis. See, for instance, Baldwin Locomotive Works v. McCoach (C. C. A.) 221 F. 59; Chicago & Alton R. Co. v. United States, 53 Ct. Cl. 41. But there is one decided case which is the converse of the case at bar. In Western Maryland Ry. Co. v. Commissioner (C. C. A.) 33 F.(2d) 695, a corporation whose bonds were sold at a discount was allowed to figure the proportionate part of the discount as an expense for the year. The same principle applies to the case at bar. If a corporation is allowed to show a greater expense for a given year by adding a proportionate part of a loss on the sale of bonds, there seems no reason to deny to the taxing authorities the right to show a smaller ex-

pense by deducting the proportionate part of a gain on a sale of bonds.

Such a result may seem contrary to the case in this circuit of Commissioner v. Old Colony Railroad, 26 F.(2d) 408, which involved a similar state of facts. The decision was that a profit made in 1904, before the passage of the Sixteenth Amendment to the Constitution of the United States, could not be taxed. The court's attention was not called to the fact that the profit made in the early years was not being taxed, but that it was being used only to determine the expense for the year 1921 of the payment of interest on the bonds. This is not a tax, but an allocation, under proper accounting methods for books kept on the accrual basis, of the expense chargeable to the year 1921. See Chicago, Rock Island & Pacific Ry. Co. v. Commissioner, 13 B. T. A. 989, 1029.

It may be true that the regulations of the Treasury Department (see article 332 of Regulations 74) are so framed as not to provide for amortization of premiums, but the Treasury regulations are founded on the law, and, if the law allows this to be done, the regulations cannot prevent it; a river can rise no higher than its source.

The case of Commissioner v. Old Colony Railroad, ubi supra, is not inconsistent with the amortization of premiums for the purpose of ascertaining the expense properly chargeable to the year 1921. Compare, in this connection, Indiana Harbor Belt R. Co. v. Commissioner, 16 B. T. A. 279, with Terminal R. Ass'n v. Commissioner, 17 B. T. A. 1135, 1167.

The order or decision of the Board of Tax Appeals is reversed, and the case is remanded to that Board for further proceedings not inconsistent with this opinion.