**VAN DORN IRON WORKS CO. v. UNITED STATES.**

No. 42842.

Court of Claims.

March 2, 1936.

George P. Bickford, of Cleveland, Ohio (W. B. Stewart, of Cleveland, Ohio, on the brief), for plaintiff.

John W. Blalock, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for defendant.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The plaintiff brings this suit seeking to recover the sum of $51,369.93, representing income and profits taxes allegedly overpaid for the calendar years 1918 and 1919, and the sum of $10,245.84, representing interest paid on the above-mentioned sum, together with legal interest on the aggregate sum from October 22, 1929, to the date of payment.

The defendant has filed a special answer to the plaintiff's petition alleging that the causes of action set forth in the petition have been adjudged and determined and have therefore become res adjudicata, in that the plaintiff had the benefit of a review of certain deficiencies for the same years by the Board of Tax Appeals, and that the decision of the Board was thereafter affirmed by the Circuit Court of Appeals and has become final. The facts are as follows:

On or about October 20, 1925, the Commissioner of Internal Revenue, pursuant to section 274 of the Revenue Act of 1924, 43 Stat. 297, mailed to plaintiff a notice of deficiencies of income and profits taxes for 1918 and 1919 in the respective amounts of $18,069.96 and $24,493.21. On or about December 11, 1925, plaintiff, pursuant to the Revenue Act of 1924, filed an appeal with the United States Board of Tax Appeals from the assertion of the deficiencies and on or about February 4, 1926, the Commissioner filed his answer to the petition and asked that the appeal be dismissed. The Revenue Act of 1926 (44 Stat. 9) was passed by Congress on February 26, 1926. No hearing was had before the Board on plaintiff's appeal prior to the passage of the Revenue Act of 1926, all hearings and the decision of the Board being subsequent thereto. The appeal was heard by the Board in due course and the Board rendered its decision thereon January 23, 1929, sustaining the deficiencies asserted by the Commissioner.

On or about July 23, 1929, plaintiff filed a petition with the Board to have its decision reviewed by the Circuit Court of Appeals for the Sixth Circuit. On or about October 22, 1929, plaintiff paid the deficiencies, as determined by the Commissioner and affirmed by the Board, together with interest thereon. Plaintiff, not having perfected the record on appeal within the time permitted by the rules of the court, the court on December 5, 1930, dismissed the appeal with the statement: "Docketed and dismissed by court order, pursuant to motion of counsel for respondent." Van Dorn Iron Works Co. v. Commissioner of Internal Revenue (C.C.A.) 48 F.(2d) 1086. No review of the decision of the Circuit Court of Appeals has been sought and the decision is now final and no longer subject to appeal.

August 6, 1931, plaintiff filed a claim for refund for 1919 and March 2, 1932, plaintiff filed claims for refund for 1918 and 1919. Grounds for recovery were set out in the claims in addition to those which were in controversy before the Board. The claims were rejected November 5, 1932, and this suit was filed November 2, 1934.

The issue presented by the case is whether the decision of the Board of Tax Appeals became final on the dismissal by the Circuit Court of Appeals for plaintiff's failure to perfect the record so as to conclusively determine plaintiff's liability for the year in question and thus operates as a bar to the plaintiff's suit on rejected claims for refund which were subsequently filed, where the appeal to the Board of Tax Appeals was taken under the Revenue Act of 1924, but all the hearings of the Board were subsequent to the Revenue Act of 1926.

It is apparent from the admitted facts that the Circuit Court of Appeals never passed on the merits of the case. What would be the situation had the appeal been perfected and a decision rendered on the merits is not involved in this case and is not decided. The only inquiry is whether Congress by the Act of 1926, sections 283 (b) and 284 (d), 44 Stat. 63, 67, left open to plaintiff the right to be heard in a court on the merits of the case. Section 283 (b) provides:

"If before the enactment of this Act any person has appealed to the Board of Tax Appeals under subdivision (a) of section 274 of the Revenue Act of 1924 (if such appeal relates to a tax imposed by Title II of such Act or to so much of an income, war-profits, or excess-profits tax imposed by any of the prior Acts enumerated in subdivision (a) of this section as was not assessed before June 3, 1924), and the appeal is pending before the Board at the time of the enactment of this Act, the

Board shall have jurisdiction of the appeal. In all such cases the powers, duties, rights, and privileges of the Commissioner and of the person who has brought the appeal, and the jurisdiction of the Board and of the courts, shall be determined, and the computation of the tax shall be made, in the same manner as provided in subdivision (a) of this section, except as provided in subdivision (j) of this section and except that the person liable for the tax shall not be subject to the provisions of subdivision (d) of section 284."

Section 284 (d) provides:

"If the Commissioner has mailed to the taxpayer a notice of deficiency under subdivision (a) of section 274 and if the taxpayer after the enactment of this Act files a petition with the Board of Tax Appeals within the time prescribed in such subdivision, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court except."

Under the Revenue Act of 1926, the jurisdiction of the Board was greatly enlarged and, quite properly, with this enlargement of its powers Congress provided for finality of the decisions of the Board. Under this act, the Board had the power to determine the whole tax liability for any year for which the Commissioner proposed a deficiency, and not merely review the deficiency as under the prior act. Since the Board, after the enactment of the act of 1926, had the power to determine the tax liability and find an overpayment if the evidence warranted, that act provided that a claim for refund could not be entertained with respect to any year the tax liability for which had been determined by the Board.

Congress expressly did not, however, impose the restrictions of the act of 1926 upon taxpayers who, at the date of its enactment, had proceedings pending before the Board which proceedings had been instituted while the Revenue Act of 1924 was in force. Section 283 (b) of the act of 1926 provided that, in the case of appeals filed with the Board before the enactment of the act, "the powers, duties, rights, and privileges of the Commissioner and of the person who has brought the appeal, and the jurisdiction of the Board and of the courts" shall be the same as though the

appeal had been filed after the enactment of the act "except that the person liable for the tax shall not be subject to the provisions of subdivision (d) of section 284." That subdivision imposed a restriction upon the filing of claims for refund, but, by its express terms, limited these restrictions to those who appealed to the Board after the enactment of the act of 1926.

The Supreme Court in the case of Old Colony Trust Co. v. Commissioner, 279 U. S. 716, 727, 728, 49 S.Ct. 499, 503, 73 L. Ed. 918, in discussing these statutory provisions, said:

"We have before us, however, for actual inquiry a case different from one just considered in the regular course of a petition for review of a decision of the Board, begun and decided all after the enactment of the act of 1926. It is one in which the appeal to the Board of Tax Appeals had been taken, but the appeal had not been decided by the Board before the passage of the act of 1926. That presents what involves a troublesome exception or duplication in the procedure. This occurs because of the last excepting clause of section 283 (b) of the amending act of 1926 (26 U.S.C.A. § 1064 (b), which is as follows:

"'If before the enactment of this Act any person has appealed to the Board of Tax Appeals under subdivision (a) of Section 274 of the Revenue Act of 1924 * * * and the appeal is pending before the Board at the time of the enactment of this Act, the Board shall have jurisdiction of the appeal. In all such cases the powers, duties, rights, and privileges of the Commissioner and of the person who has brought the appeal, and the jurisdiction of the Board and of the courts, shall be determined, and the computation of the tax shall be made, in the same manner as provided in subdivision (a) of this section, except as provided in subdivision (j) of this section and except that the person liable for the tax shall not be subject to the provisions of subdivision (d) of Section 284.'

"The provisions of section 284 (d); 26 U.S.C.A. § 1065 (d) are those which deny to the taxpayer the power to bring any suit for the recovery of the tax after he has adopted the procedure of appealing to the Board of Tax Appeals or to the Circuit Court of Appeals.

"By this last exception in section 283 (b), there seems still open to the taxpayers who have filed a petition under the law of

1924 and have not had a decision by the Board before the enactment of the law of 1926, the right to pay the tax and sue for a refund in the proper District Court. * * * Emery v. United States (D.C.) 27 F.(2d) 992, and Old Colony R. Co. v. United States (D.C.) 27 F.(2d) 994, hold that the petitioner still retains this earlier remedy."

In the case of Daily Pantagraph, Inc., v. United States, 37 F.(2d) 783, 789, 68 Ct. Cl. 251, 264, 265, the taxpayer had filed a petition with the Board of Tax Appeals while the act of 1924 was in force and, after an adverse decision, paid the tax and filed a claim for refund involving the same matters before the Board, and sued thereon in the Court of Claims. This court heard the case after the Board of Tax Appeals had rendered its decision and held that the taxpayer could maintain the suit. We said:

"It is sufficient to say that we think that, the proceedings before the Board having ended, the plaintiff is now in a position to maintain this suit, and should not be required to go through the useless proceedings of filing a new petition. The objections of defendant to the jurisdiction of the court are therefore overruled."

In a more recent decision in the case of Lattimore et al. v. United States, 12 F. Supp. 895, 912, decided December 2, 1935, which was a case very similar to the present one, we held:

"The defendant contends that since Mrs. Lattimore did not question the timeliness of the deficiency notice in her appeal to the Board she cannot now collaterally attack the determination of the Board by raising that question. We do not think this position is meritorious. An issue as to the statute of limitations is jurisdictional and of course may be raised at any time in a proceeding which is timely instituted. The petition to the Board was filed February 15, 1926, which was pri-

or to the effective date of the passage of the Revenue Act of 1926 (February 26, 1926), and the decision of the Board was not made until April 30, 1926, which was after such date. In a petition filed by a taxpayer and disposed of by the Board at such times, section 283 (b) of the Revenue Act of 1926, 44 Stat. 63, permits the payment of the deficiency and the institution of suit without regard to what question was raised before the Board."

The defendant relies upon the case of Backus et al. v. United States, 59 F.(2d) 242, 258, 75 Ct.Cl. 69, 102, 103, but the facts in that case are not similar to the ones in the instant case. In that case the plaintiff had entered into a voluntary settlement with the defendant and the court refused to review a compromise or consent decree of the Board. The court expressed itself as follows:

"In proceedings instituted before the board prior to the Revenue Act of 1926 which were heard and decided by the board after the enactment of that act, the statute, as construed by the court in Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918, permitted both the filing of a petition for review in the appropriate appellate court and the institution of suit."

The other cases cited by the defendant, Ohio Steel Foundry Co. v. United States (Ct.Cl.) 38 F.(2d) 144; James v. United States (Ct.Cl.) 38 F.(2d) 140; James et al. v. United States (Ct.Cl.) 38 F.(2d) 143; and Brampton Woolen Co. v. Field (C.C.A.) 56 F.(2d) 23, are cases where the appeals were taken after the passage of the Revenue Act of 1926 and have no bearing on the present question.

In our judgment, the plaintiff has a right to bring this suit and the special answer raising the question of res adjudicata must be overruled. It is so ordered.