## MILLS AUTOMATIC MERCHANDISING CORPORATION v. UNITED STATES.

### No. 42560.

Court of Claims.
May 3, 1937.

Charles R. Pollard, of Washington, D. C. (D. Louis Bergeron, of Washington, D. C., and Edward G. Zimmer, of New York City, on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

BOOTH, Chief Justice.

This is a tax case. The issue involved arises from defendant's special answer to plaintiff's petition. The plaintiff is the successor in interest of the Autosales Corporation of New York, and the detailed facts are set out in the findings. For the purposes of the case, it is sufficient to point out that plaintiff received a notice of deficiencies in its tax liability for the years 1917, 1918, and 1919. This notice was mailed by the Commissioner under section 274 of the Revenue Act of 1924 (43 Stat. 297). We treat plaintiff and its predecessor corporations as identical in using the term plaintiff in this opinion.

January 12, 1926, plaintiff filed an appeal from the asserted deficiencies with the United States Board of Tax Appeals, and on May 15, 1928, a hearing took place before the Board resulting on November 7, 1928, in a decision and order of redetermination by the Board. The Board's order of redetermination affirmed deficiencies in plaintiff's taxes as appears from finding 4.

April 26, 1929, plaintiff appealed to the Circuit Court of Appeals for the Second Circuit and on July 28, 1930, that court affirmed the decision of the Board of Tax Appeals. 43 F.(2d) 931. During the pendency of this appeal the plaintiff paid to the collector in Brooklyn, N. Y., the full amount of the deficiencies, thereafter on April 23, 1931, filing claims for refund of the same.

Defendant rests its defense upon a special answer setting up the facts stated in the findings and asserting that the "cause of action has been adjudged and determined and has become res adjudicata." We think the defense is clearly available and that the petition should be dismissed. Plaintiff contended, among other things, before the Board of Tax Appeals, that the Commissioner in computing its tax liability erred in denying to plaintiff in its consolidated invested capital, as a tangible asset, the actual cash value of the capital stock of the Weighing & Sales Company as in the hands of the Autosales Gum & Chocolate Company.

It was conceded in argument and is manifest from the record that the Board of Tax Appeals in reaching its decision had to take into consideration all the facts entering into a redetermination of plaintiff's tax liability. It is true that plaintiff's appeal to the Board was taken under the Revenue Act of 1924, and had it not been for the subsequent act of 1926 the plaintiff could have paid the tax determined, filed a claim for refund, and upon its denial sue in this court.

The difficulty the plaintiff encounters is found in the provisions of the act of 1926. This later act provided for an appeal to the Circuit Court of Appeals for a review of the Board's decision (section 1001 et seq., 44 Stat. 109 et seq.), and by section 283 (b) and (d) of the same (44 Stat. 9, 63, 64) conferred jurisdiction upon the Board to hear and determine appeals under the act. Therefore, under the act of 1926 the taxpayer could appeal from the decision of the Board; or pay the tax, file a refund claim, and upon its denial sue in this court. The taxpayer elected to appeal and by so doing brought itself squarely within the decision of the Supreme Court in the case of Old Colony Trust Company v. Commissioner of Internal Revenue, 279 U.S. 716, 727, 49 S.Ct. 499, 503, 73 L.Ed. 918, a portion of which opinion we quote:

"By this last exception in [section] 283 (b), there seems still open to the taxpayers who have filed a petition under the law of 1924 and have not had a decision by the Board before the enactment of the law of 1926, the right to pay the tax and sue for a refund in the proper District Court (paragraph 20 of section 24 of the Judicial Code, as amended by section 1310 (c), c. 136, 42 Stat. 311, U.S.Code, title 28, § 41; 28 U.S.C.A. § 41 (20). Emery v. United States (D.C.) 27 F.(2d) 992, and Old Colony R. R. Co. v. United States (D.C.) 27 F.(2d) 994, hold that the petitioner still retains this earlier remedy.

"The truth seems to be that, in making provision to render conclusive judgments on petitions for review in the Circuit Courts of Appeals, Congress was not willing in cases where the Board of Tax Appeals had not decided the issue before the passage of the act of 1926 to cut off the taxpayer from paying the tax and suing for a refund in the proper District Court. But the apparent conflict in such cases can be easily resolved by the use of the principles of res judicata. If both remedies are pursued, the one in a District

Court for refund, and the other on a petition for review in the Circuit Court of Appeals, the judgment which is first rendered will then put an end to the questions involved, and in effect make all proceedings in the other court of no avail. Whichever judgment is first in time is necessarily final to the extent to which it becomes a judgment."

The plaintiff availed itself of existing legal remedies and its case was heard and adjudicated upon the facts and law. The opinion of the Circuit Court of Appeals, supra, went exhaustively into the issue presented by the present petition, and to sustain plaintiff's present contention would result in a rehearing of the controversy and afford plaintiff the right to resort to two trials in the premises. This right the plaintiff does not possess.

Defendant's special answer is sustained and the petition is dismissed. It is so ordered.