Appeal of **FROST SUPERIOR FENCE CO.**      Docket No. 2162.

Submitted April 15, 1925; decided May 5, 1925.

*Frank G. Butts, C. P. A.,* for the taxpayer.
*J. Harry Byrne, Esq.,* for the Commissioner.

Before GRAUPNER, TRAMMELL, and GREEN.

The taxpayer assigns as error the acts of the Commissioner in disallowing as a deduction from gross income for 1918 an amount claimed as obsolescence of certain patents and in excluding from invested capital the claimed value of the patents. The appeal is from a deficiency in the amount of $3,865.90.

#### FINDINGS OF FACT.

The taxpayer is an Ohio corporation with its principal office at Warren, Ohio. It was organized September 1, 1914, and it then acquired the assets of the Frost Wire Fence Company and the Superior Wire Fence Company, including a patent or patents.

#### DECISION.

The petition, in so far as it relates to the year 1919, is dismissed. The determination of the Commissioner for 1918 is approved.

#### OPINION.

GRAUPNER: Two letters from the Commissioner, both dated January 13, 1925, form the basis of the petition filed in this appeal. The letter pertaining to the year 1919 is what is known as a " thirty-day letter " (Form NP-1), and gives the taxpayer thirty days in which to file a protest with the Commissioner against the proposed deficiency. No question of the jurisdiction of the Board to hear and determine the appeal involving the tax for 1919 was raised either in the pleadings or at the hearing. However, the letter upon which the petition is based clearly does not constitute such final determination of a deficiency as is contemplated by section 274 of the Revenue Act of 1924, and the Board on its own motion must refuse to take jurisdiction over the proposed deficiency for 1919, and the petition, in so far as it relates to 1919, is hereby dismissed, without prejudice to the right of the taxpayer to file an appeal with this Board in the event that a deficiency for that year is finally determined by the Commissioner.

The letter pertaining to the year 1918 on its face is the usual " sixty-day letter " (Form NP-2) used by the Commissioner in notifying taxpayers of the determination of a deficiency in tax, and properly forms the basis of an appeal to this Board. The taxpayer failed wholly to make any satisfactory showing that the patents carried on its books had the value attributed to them, or that they had any value, nor was any satisfactory evidence offered to prove that they became obsolete in 1918. In the absence of proof of the facts alleged in the petition, the determination of the Commissioner must be approved.