**GEORGE S. COLTON ELASTIC WEB CO. v. WHITE, Former Collector of Internal Revenue.**

No. 5196.

District Court, D. Massachusetts.

Oct. 14, 1936.

Thomas R. Hickey, of Northampton, Mass., and Bennett Sanderson, of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to the U. S. Atty., both of Boston, Mass., Robert H. Jackson, Asst. Atty. Gen., and Andrew D. Sharpe and J. W. Wideman, Sp. Assts. to the Atty. Gen., for defendant.

BREWSTER, District Judge.

This case was heard on demurrer to the plaintiff's amended declaration. The following material facts are alleged:

The plaintiff is a Massachusetts corporation engaged in the manufacture and sale of webbing. It has kept its accounts and prepared its returns on an accrual basis. It filed an income tax return for the year 1921 on the regular form prescribed by the Commissioner of Internal Revenue. Upon the net taxable income reported in this return, a tax in the amount of $24,184.02 was assessed against the plaintiff and duly paid by it. Thereafter, on August 12, 1925, a Treasury Department letter was mailed to the plaintiff, setting forth, upon items therein specified, an additional tax liability of $6,217.57. On October 5, 1925, the plaintiff appealed to the Board of Tax Appeals from the determination of the Commissioner as set forth in this letter. The plaintiff then alleges:

"Thereafter upon the computation of certain specified adjustments on November 16, 1927, a stipulation between counsel for the plaintiff and General Counsel for the Bureau of Internal Revenue was filed in said proceeding wherein among other things it was stipulated and agreed * * * '#3. That there is a deficiency in tax for the year 1921 in the amount of $5,716.38.' "

Pursuant to this stipulation, the Board of Tax Appeals on November 21, 1927, entered an order of redetermination, setting forth a deficiency as stipulated. The plaintiff paid this deficiency May 2, 1928. On September 30, 1930, the plaintiff filed a claim for refund, which was disallowed by the Commissioner. The grounds set forth in this claim for refund are alleged to be different from those raised by the letter of August 12, 1925, or from those raised before the Board of Tax Appeals. The plaintiff then brought these proceedings.

The defendant has filed a demurrer upon the sole ground that the plaintiff is precluded from further raising in this court any question relating to its income tax liability for the year 1921, because of the proceedings before the Board of Tax Appeals and the stipulation entered into at that time.

■ Since an appeal was taken to the Board of Tax Appeals prior to the effective date of the Revenue Act of 1926 (44 Stat. 9), the plaintiff is entitled to maintain a suit in this court despite the fact that the decision of the Board was not rendered until after the passage of the act. Old Colony Trust Co. v. Commissioner of Internal Revenue, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918; Emery v. United States (D.C.) 27 F.(2d) 992.

■ I am of opinion that the stipulation filed with the Board of Tax Appeals cannot be regarded as a formal compromise under section 3229 of the Revised Statutes (U.S.C., title 26, § 1661(a), 26 U.S.C.A. § 1661(a). This statute provides:

"§ 1661. Compromises. (a) Authorization. The Commissioner, with the advice and consent of the Secretary, may compromise any civil or criminal case arising under the internal revenue laws instead of commencing suit thereon; and, with the advice and consent of the said Secretary and the recommendation of the Attorney General, he may compromise any such case after a suit thereon has been commenced."

The method of compromise provided for in the above statute is exclusive, and, unless a compromise follows the form required, it will not be binding. It is essential for the validity of a compromise under section 3229 of the Revised Statutes that the consent of the Secretary of the Treasury be secured. Botany Worsted Mills v. United States, 278 U.S. 282, 49 S.Ct. 129, 131, 73 L.Ed. 379; Leach v. Nichols (C.C.A.) 23 F.(2d) 275; Loewy & Son v. Commissioner (C.C.A.) 31 F.(2d) 652; Hughson v. United States (C.C.A.) 59 F.(2d) 17.

In Botany Mills v. United States, supra, taxes for the year 1917 were involved. In 1920, following an agreement with officials of the Treasury Department, an additional assessment was made and paid. When a claim for the refund of the amounts so paid was disallowed, the mills brought suit in the Court of Claims. The Court of Claims held that the agreement was binding upon the mills, as an executed contract of settlement. 63 Ct.Cl. 405. The Court of Claims was reversed on this point. The Supreme Court said:

"We think that Congress intended by the statute to prescribe the exclusive method by which tax cases could be compromised, requiring therefor the concurrence of the Commissioner and the Secretary, and prescribing the formality with which, as a matter of public concern, it should be at-

tested in the files of the Commissioner's office; and did not intend to intrust the final settlement of such matters to the informal action of subordinate officials in the Bureau. When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode. * * *

"It is plain that no compromise is authorized by this statute which is not assented to by the Secretary of the Treasury. * * *"

There is nothing in the plaintiff's amended bill of complaint which would tend to show that the stipulation therein set forth was of the character required by section 3229 of the Revised Statutes. From a copy of the stipulation in question, which is attached to the declaration, it appears to have been in the nature of an agreement of counsel appearing before the Board of Tax Appeals. It bears the caption "United States Board of Tax Appeals." As to the taxes for the year in question, it merely provides: "3. That there is a deficiency in tax for the year 1921 in the amount of $5,716.38." It appears to be signed merely by counsel for the taxpayer, and general counsel for the Bureau of Internal Revenue. It nowhere appears that the consent of the Secretary of the Treasury was secured. In Lattimore v. United States (Ct.Cl.) 12 F.Supp. 895, at page 911, a somewhat similar stipulation before the Board of Tax Appeals does not appear to have been considered conclusive upon the taxpayer. I am unable to hold, therefore, on the facts as alleged by the plaintiff, that the plaintiff is, as a matter of law, precluded from raising any further question of his tax liability for the year 1921, as a result of a compromise under section 3229 of the Revised Statutes.

The case of Backus v. United States (Ct.Cl.) 59 F.(2d) 242, relied upon by the defendant, is distinguishable in that it appeared in that case that the consent of the Secretary of the Treasury to the settlement in question was expressly secured by the Commissioner.

██ The defendant further contends that even if the stipulation filed with the Board of Tax Appeals did not amount to a formal settlement, as required by statute, nevertheless the plaintiff is now estopped, or precluded by some sort of election, from contesting the deficiency, as set forth in that stipulation. In this connection the Supreme Court, in the Botany Mills Case, supra, upon facts very similar to those in the present case, remarked:

"And, without determining whether such an agreement, though not binding in itself, may when executed become, under some circumstances, binding on the parties by estoppel, it suffices to say that here the findings disclose no adequate ground for any claim of estoppel by the United States."

There is nothing in the present case to show any misrepresentation such as might lead to a true estoppel. Nor was the plaintiff at any time forced to elect between two inconsistent remedies. The plaintiff, if he is allowed to bring this suit, will not be enabled to retain the benefit of the stipulation on those items favorable to himself, while questioning the correctness of the result as to those items in which the determination was unfavorable. A suit against a collector to recover taxes alleged to have been illegally assessed is in the nature of an action for money had and received, and is based upon equitable principles. Howbert v. Norris (C.C.A.) 72 F.(2d) 753. The defendant is entitled to show that because of other errors in favor of the taxpayer upon previous determination of the tax due, the amount recoverable should be reduced accordingly. New York Life Insurance Co. v. Anderson (D.C.) 257 F. 576, 577, reversed on other grounds, but affirmed in this respect in (C.C.A.) 263 F. 527.

In Winding Gulf Colliery Co. v. Brast (D.C.) 13 F.Supp. 743, at page 750, it was held that the effect of a somewhat similar stipulation before the Board of Tax Appeals was never intended by the parties to be such as to place the taxpayer in any different position from that which he would have been in had the case been actually tried by the Board. Such an interpretation is obviously applicable to the stipulation alleged by the plaintiff in its amended declaration. Since the pleadings in the proceedings before the Board of Tax Appeals were drawn before that body was given jurisdiction to decree an overpayment, such questions were not before the Board. It is unreasonable to suppose that a stipulation in the course of such a proceeding was intended by the parties as a final determination of all possible questions of tax liability.

I conclude, therefore, that the defendant's demurrer should be overruled.