**960 PARK AVE. CO., Inc., v. ANDERSON, Collector of Internal Revenue.**

District Court, S. D. New York.
Nov. 23, 1937.

Richard S. Holmes, of New York City, for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (John W. Burke, Jr., of New York City, of counsel), for defendant.

COXE, District Judge.

This is a suit to recover additional income and excess profits taxes for the year 1918, amounting to $5,425.87, with interest thereon of $894, assessed against the plaintiff in November, 1928, and paid to the collector on December 12, 1928.

The plaintiff insists that the taxes were assessed after the statutory limitation period had expired, and were, therefore, illegally collected. The government does not deny that the taxes were so assessed, but has set up various separate defenses, which, it asserts, preclude recovery.

The facts have been stipulated, and are not in dispute. The plaintiff was one of a group of corporations which filed a consolidated return for the year 1918. Similar consolidated returns were filed by the same corporations for the years 1919 and 1920. On examination of these returns, the Commissioner refused to allow the claimed affiliation for any of the three years. He accordingly proceeded to assess additional taxes against some of the corporations in the group for those years.

The statutory period for assessing additional taxes against the plaintiff for the year 1918 expired on June 4, 1924. This period was, however, extended by two waivers, the first one running until June 4, 1925, and the second until December 31, 1926. In March, 1924, the Commissioner assessed against the plaintiff an additional tax of $4,602.79 for the year 1918. This tax was subsequently abated on March 27, 1929, as not having been "collected within the time prescribed by law."

On July 15, 1925, the Commissioner sent to the plaintiff a deficiency notice for the year 1920. He did not, however, assert any deficiency against the plaintiff for 1918. There were also deficiency notices to other members of the group involving not only the year 1920 but also the years 1918 and 1919. The plaintiff, with four others in the group, thereupon appealed on September 9, 1925, to the Board of Tax Appeals, insisting that the Commissioner's ruling denying affiliation was erroneous. A trial was later had before the Board, and on June 8, 1927, the Board handed down a decision in which it reversed the Commissioner on the question of affiliation, and directed a redetermination of the deficiencies. M. S. C. Holding Corporation et al. v. Commissioner, 7 B.T.A. 216.

Following this decision, the Commissioner submitted to the Board a proposed redetermination under Rule 50, expressly stating that the submission was "without prejudice to the Commissioner's right to contest the correctness of the decision." This proposed redetermination showed a deficiency against the plaintiff for 1918 of $5,738.67. An alternate redetermination was likewise submitted by the petitioning corporations, including the plaintiff, which showed a deficiency against the plaintiff for 1918 of

$5,280.65. A hearing was then had before the Board, at which these proposed redeterminations were considered; and, after certain adjustments had been made, the Commissioner filed a new supplemental redetermination, also without prejudice to his right to contest the decision, showing a tax deficiency against the plaintiff for 1918 of $5,425.87.

The plaintiff made no objection to this new redetermination, and the Board on April 21, 1928, entered an order in which it found that in the case of the plaintiff there were "deficiencies in income and profits taxes for the year 1918 in the amount of $5,425.87." This figure was arrived at, after crediting against the total tax found due for the year 1918, the amount of the additional tax of $4,602.79 assessed against the plaintiff in March, 1924.

The order of the Board contains recitals that "a proposed recomputation" was filed by the Commissioner, and a "counter proposal" submitted on behalf of the petitioning corporations; that after argument "there resulted an agreement in respect thereto which it was stipulated should be embodied in a new computation to be prepared" by the Commissioner; and, further, that "such revised computation" had been filed and was in accord with the Board's decision.

The Commissioner in November, 1928, assessed against the plaintiff the amount of $5,425.87 found by the Board to be the tax deficiency of the plaintiff for 1918. Payment of this amount with interest was made to the collector on December 12, 1928, and claim for refund was thereafter denied.

■ The government first insists that it is entitled to an offset for the amount of the unpaid additional tax of $4,602.79 assessed against the plaintiff in March, 1924, for the year 1918. The collection of this 1924 tax was, however, outlawed long before November, 1928, when the present assessment was made. Russell v. United States, 278 U. S. 181, 49 S.Ct. 121, 73 L.Ed. 255. The tax was for that reason abated by the Commissioner on March 27, 1929. I can see no possible basis, therefore, for any offset of the amount of the tax against the present assessment. McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. ——, decided by the Supreme Court on November 8, 1937.

' The remaining defenses have been considerably narrowed by the government's brief, and require little discussion. There is no longer any reliance on the defense that the determination of the Board of Tax Appeals is res adjudicata. Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918. Neither is there any suggestion of estoppel. The only point seriously pressed is that as a result of the proceedings before the Board of Tax Appeals the plaintiff's additional ⟨taxes for 1918 became an account stated.

■ I think it is entirely clear that the Board of Tax Appeals had no jurisdiction to determine any additional tax against the· plaintiff for 1918. The only deficiency assessment against the plaintiff involved in the appeal was for 1920; and neither the 1924 Revenue Act, 43 Stat. 253, nor the 1926 Revenue Act, 44 Stat. 9, permitted the Board to determine a tax for a year in which no deficiency had been asserted. Appeal of Frost Superior Fence Co., 1 B.T.A. 1096; Appeal of Cornelius Cotton Mills, 4 B.T.A. 255; Appeal of R. P. Hazzard Co., 4 B.T.A. 150; Stanfield v. Commissioner, 8 B.T.A. 787. I am satisfied, therefore, that the Board's determination that there was a deficiency against the plaintiff for 1918 was ineffective.

■■ But it is said that the action of the plaintiff in participating in the redetermination of the deficiencies under the Board's decision constituted an agreement on the part of the plaintiff to pay the tax. In Stearns Co. v. United States, 291 U.S. 54, 54 S.Ct. 325, 329, 78 L.Ed. 647, the Supreme Court said that in order to have an account stated "A balance must have been struck in such circumstances as to import a promise of payment on the one side and acceptance on the other." Here, neither side was bound by the Board's order of redetermination. Indeed, the Commissioner was particularly careful expressly to reserve any rights he might have to contest the decision; and the plaintiff was at all times free either to take the case to the Circuit Court of Appeals, or to pay the tax and sue for recovery. Old Colony Trust Co. v. Commissioner, supra. The proposed redetermination submitted by the plaintiff under Rule 50 was in no sense an admission of liability. It was merely. for the assistance of the Board in the settlement of its order embodying the terms of the decision; and the recital in the order that there had been "an agreement" on the figures did not turn the order into a consent decree, such as found in

Backus v. United States, Ct.Cl., 59 F.2d 242. I think that the essential elements of an account stated are entirely lacking.

I, therefore, direct a verdict for the plaintiff for $6,319.87, with interest thereon from December 12, 1928.