## A. S. KREIDER CO. v. UNITED STATES.
### No. 6294.

Circuit Court of Appeals, Third Circuit.

Feb. 3, 1938.

Donald Horne, of New York City, and Douglass D. Storey, of Harrisburg, Pa., for appellant.

James W. Morris, Asst. Atty. Gen., Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen., and Lee A. Jackson, of Washington, D. C. (Frederick Follmer, U. S. Atty., of Milton, Pa., of counsel), for the United States.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Middle District of Pennsylvania. The taxpayer paid the amount of tax reported in its 1918 return in 1919. The taxpayer filed a waiver extending the period of limitations for assessment of taxes for the years 1916 to 1921 to December 31, 1926. In February, 1926, and March, 1926, the Commissioner mailed notices of deficiencies for 1917, 1918, and 1919 taxes. In April, 1926, the taxpayer appealed from the proposed deficiencies to the Board of Tax Appeals. In August, 1928, the taxpayer filed a claim for refund of the taxes paid for 1918. This claim was rejected by the Commissioner in October, 1928. In November, 1928, the taxpayer signed the following stipulation:

"It is hereby stipulated and agreed by and between the parties hereto, that the following is a correct statement of the petitioner's tax liability for the calendar years 1917, 1918, and 1919, and the Board may enter an order of redetermination in accordance therewith:

| 1917 | |
|---|---|
| Tax liability | $147,458.13 |
| Tax assessed | 120,698.72 |
| Deficiency | $ 26,759.41 |

| 1918 | |
|---|---|
| Tax assessed and paid | $296,334.09 |
| Tax liability | 267,302.03 |
| Overpayment | $ 29,032.06 |

| 1919 | |
|---|---|
| Tax assessed and paid | $519,682.04 |
| Tax liability | 489,594.96 |
| Overpayment | $ 30,087.08 |

"It is understood and agreed that the Commissioner may assess and collect the said deficiency immediately upon the issuance by the Board of its order of redetermination without regard to the restrictions, if any, contained in section 274(a) of the Revenue Act of 1926 [44 Stat. 55]

or section 272(a) of the Revenue Act of 1928 [26 U.S.C.A. § 272(a) and note]."

In November, 1928, the Board of Tax Appeals made an order of redetermination in accordance with the quoted stipulation. No appeal was taken from that order. In December, 1928, the Commissioner listed an overassessment of $29,032.06 for 1918 and a deficiency of $26,759.41 for 1917, and credited enough of the 1918 overpayment to satisfy the assessment for 1917. He refunded the difference in the amount of $2,-272.65. The taxpayer accepted and retained this refund. In March, 1932, the taxpayer brought suit in the District Court for the Middle District of Pennsylvania to recover $26,759.41 with interest, which it alleged was wrongfully withheld by the United States. This appeal is from the judgment entered for the United States.

The taxpayer contends that the liability for the 1917 taxes had been barred by the statute of limitations and that thereafter the Commissioner had no power to apply the credit without the request and permission of the taxpayer. The Commissioner contends that the assessment of a deficiency for 1917 was timely and credit was made within the period allowed for collection of the deficiency. He further claims that, when the taxpayer accepted the refund with full knowledge as to the making of the credit, he ratified the credit and an account settled resulted.

Were it not for the stipulation signed by the taxpayer the conclusion would be unavoidable that, after collection of the 1917 deficiency had been barred by the statutory period of limitations, the Commissioner would have had no power to credit the overpayment to that year's deficiency. McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. ——; Stearns Co. v. United States, 291 U.S. 54, 54 S.Ct. 325, 328, 78 L.Ed. 647. We cannot, however, decide this case solely upon the issue of the statute of limitations, for, as expressed by Mr. Justice Cardozo in Stearns Co. v. United States, supra, "To know whether liability has been barred by limitation it will not do to refer to the flight of time alone." Official action may have been postponed as a result of a formal waiver or of some other form of persuasion. In the instant case the persuasion is found in the stipulation which provided that the Commissioner might collect the deficiency immediately upon the issuance by the Board of Tax Appeals of its order of redetermination. The receipt of the refund by the taxpayer with full knowledge that such sum was determined by applying a credit of part of the overpayment for 1918 to the 1917 deficiency amounted to a waiver and kept the liability alive. A credit was one method of collection available to the Commissioner.

The judgment of the District Court is affirmed.