**GEORGE S. COLTON ELASTIC WEB CO.
v. WHITE, Collector of Internal
Revenue.**

No. 5196.

District Court, D. Massachusetts.

May 13, 1938.

Thomas R. Hickey, of Northampton, Mass., and Bennett Sanderson, of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., Robert H. Jackson, Asst. Atty. Gen., and Andrew D. Sharpe and J. W. Wideman, Sp. Assts. to Atty. Gen., for defendant.

BREWSTER, District Judge.

This action is brought to recover income and excess profits taxes paid on 1921 income. Jury was waived and the case submitted on an agreed statement of facts. I find the facts to be as stipulated. For present purposes, these facts may be summarized as follows:

The plaintiff returned and paid taxes on 1921 income amounting to $24,184.02. On August 12, 1925 the plaintiff was notified that an additional assessment amounting to $6,217.57 had been made.

On October 5, 1925 the plaintiff appealed to the Board of Tax Appeals under the provisions of the Revenue Act of 1924, 43 Stat. 253.

The only controversy then between the taxpayer and the Commissioner respecting the 1921 tax liability related to a proper charge for depreciation and to the amount of plaintiff's invested capital. There were also pending appeals from deficiency claims for 1919 and 1920. While these appeals were pending, a stipulation was entered into between the plaintiff and the Commissioner by their respective attorneys of record. In this stipulation it was agreed that there was an overpayment for 1919, a deficiency for 1920 and, it was further agreed, "that there is a deficiency in tax for the year 1921 in the amount of $5,716.38." Upon this stipulation the Board of Tax Appeals entered an order of re-determination in accordance therewith.

The plaintiff, on May 2, 1928, paid the additional tax for 1921, together with interest in the sum of $1,890.91. Thereafter the plaintiff discovered that it had failed to deduct from gross income additional salaries, amounting to $26,000, paid in 1921 to its officers and directors. It is agreed that this sum was "paid as salaries and was reasonable additional compensation for services previously rendered." Plaintiff thereupon filed a claim for refund on September 30, 1930, which was disallowed December 11, 1931. This action was brought by writ dated March 1, 1932.

To plaintiff's declaration the defendant demurred, and in an opinion rendered on October 14, 1936 (D.C., 16 F.Supp. 726) I ruled that suit would lie, notwithstanding the appeal to the Board of Tax Appeals inasmuch as the Revenue Act of 1926 had not become effective at the time of the appeal; that there was no compromise of the tax for the year 1921 pursuant to statute; and that the plaintiff, by its agreement, was not estopped from seeking recovery of tax unlawfully exacted.

Defendant, in his amended answer, raises what he terms an affirmative defense based on the ground that the action of the plaintiff in entering into the stipulation created an account settled between it and the government, which precludes any further consideration of\ its tax liability for that year. In support of this defense, defendant has cited R. H. Stearns Co. v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647, A. S. Kreider Co. v. United States, 3 Cir., 94 F.2d 700, and American Steam Conveyor Corp. v. United States, Ct. Cl., 10 F.Supp. 571. Other cases involving account settled may be found in Atkinson v. United States, 8 Cir., 73 F.2d 214, and First National Bank of Beaver Falls v. United States, Ct. Cl., 8 F.Supp. 484. An examination of these cases' shows that in each the taxpayer was endeavoring to recover all or a portion of an over-assessment which had been credited to a deficiency in other years, and that the credit had been made pursuant either to the express request of the taxpayer or his agreement to that effect, or the taxpayer had acquiesced in the application for a long period of years. The principle underlying these decisions seems to be that when a taxpayer, by his own conduct, has requested or consented to a credit, he is estopped from later attacking the validity of the application. In other words, an account settled defeats a taxpayer's\ right to recover when the situation compels the application of the doctrine of estoppel. My reasons for concluding that there was no room for the application of that doctrine in the case at bar are given in my opinion on the demurrer (16 F.Supp. 726, 728) and need not be repeated.

In the instant case, plaintiff is not seeking to recover an overassessment credited against a deficiency pursuant to its request or agreement, nor does it attempt to repudiate the agreement respecting the items of depreciation or the amount of invested capital. It is suing to recover an amount which was overpaid due to 'its inadvertence in failing to deduct from gross income, as an expense, salaries paid to its officers. If such deduction could not lawfully be made, that would constitute a valid defense to the merits of the present action. Since I find nothing in the agreed facts or briefs to indicate that the propriety of the deduction is questioned, I assume that the issue is not raised.

The only issue apparently presented is whether the stipulation, above referred to, which was entered into in good faith, and which was carried out, operates as a bar to this action. The issue turns upon the conclusiveness of the stipulation. It has long been the settled rule that an account settled may be impeached for a mistake of fact or of law, and that it concludes nothing as to items not embraced within the stipulation. Perkins v. Hart, 11 Wheat. 237, 256, 6 L.Ed. 463; Winding Gulf Colliery Co. v. Brast, D.C., 13 F.Supp. 743, 750; 960 Park Ave. Co., Inc., v. Anderson, Coll., D.C., 22 F.Supp. 138. See, also, Van Dorn Iron Works Co. v. United States, Ct. Cl., 13 F.Supp. 758, 761.

In Perkins v. Hart, supra, page 256, the Court observes:

"If, to a bill for an account, the defendant plead, or, in his answer rely upon, a settled account, the plaintiff may surcharge, by alleging and proving omissions in the account, or may falsify, by showing errors in some of the items stated in it.

"The rule is the same, in principle, at law; a settled account is only prima facie evidence of its correctness. It may be impeached, by proof of unfairness, or mistake, in law or in fact; and if it be confined to particular items of account, it concludes nothing in relation to other items not stated in it."

Obviously, in the case at bar there was a mistake of law or of fact, or of both, when the stipulation was entered into. Had the plaintiff been aware that it was entitled to a further deduction of $26,000 from gross income, it would not have stipulated respecting the deficiency. Inasmuch as there is no estoppel, I am unable to agree with the defendant that the stipulation, entered into when the matter of plaintiff's tax liability was before the Board of Tax Appeals, can be set up as a defense to this action.

Judgment may be entered for the plaintiff in the sum of $7,607.29, with interest.