UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 93-8147
_____

IN THE MATTER OF:     JAMES CARROLL TEAL,

Debtor.

USA, Internal Revenue Service,

Appellant,

VERSUS

JAMES CARROLL TEAL,

Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-91-CV-863)
_____

(February 9, 1994)

Before GOLDBERG, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

The Internal Revenue Service challenges the district court's holding that James Carroll Teal did not owe penalties or associated interest arising out of his 1979 income tax year (1979). We **REVERSE.**

---

[1]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

I.

In 1983, Teal filed an amended return for 1979, claiming that, because of a tax shelter, he was entitled to a refund of approximately $13,000. The IRS made the refund, but subsequently notified Teal (late 1985) that he was liable for it, as well as for four penalties and interest. Teal contested that decision by filing a petition in Tax Court in early 1986. Teal and the IRS agreed to a settlement, under which Teal would pay the $13,000, only one penalty and part of another, and interest.[2] The Tax Court entered an order and decision reflecting the terms of the agreement.

In 1990, Teal filed a Chapter 7 petition in bankruptcy court. He then filed an adversary complaint against the United States, seeking, among other things, a determination of his liability for penalties and interest for 1979.[3] The bankruptcy court held that it "lack[ed] jurisdiction to determine [Teal's] 1979 federal income tax liability, pursuant to 11 U.S.C. § 505(a)(2)(A)." The district court reversed, holding that neither § 505(a)(2)(A) nor claim preclusion prohibited relitigation of the issues. It concluded

---

[2] The settlement agreement involved concessions by both sides. Teal conceded that he owed the tax amount, 100% of the amount of one penalty, and 75% of another. The IRS, in turn, abandoned two "negligence penalties" and 25% of the amount of another penalty.

[3] Subsequent to the entry of the tax court judgment, this court's decision in *Heasley v. Commissioner*, 902 F.2d 380 (5th Cir. 1990), invalidated the application of the valuation overstatement penalty, 26 U.S.C. § 6659(a) (repealed 1989), under circumstances similar to those under which the penalty was applied to Teal. On this basis, Teal sought to relitigate his liabilities for 1979.

that Teal "does not owe nor does he have to pay the disputed penalties, and the associated interest thereon, for" 1979.

## II.

The IRS asserts that the district court erred in two respects: in holding that § 505(a)(2)(A) did not deprive the bankruptcy court of jurisdiction; and, assuming jurisdiction, in refusing to find that, under principles of claim preclusion, the tax court judgment barred relitigation.[4]

## A.

Section 505(a)(2)(A) provides that a bankruptcy court may not determine

> the *amount or legality* of a tax, fine, penalty, or addition to tax if such *amount or legality* was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title ....

11 U.S.C. § 505(a)(2)(A) (emphasis added). The district court recognized that the tax court decision addressed the amount owed for 1979, and that it was a court of competent jurisdiction. It found, however, that the tax court's decision assessing the amount of taxes and penalties owed did not adjudicate the *legality* of

---

[4]    These issues are closely related, if not identical. As the IRS states, with citation to the Congressional Record: "At bottom, Section 505(a)(2) expresses in jurisdictional terms, traditional principles of res judicata, or claim preclusion." (Citation omitted.) Teal agrees, stating that "[a]lthough Section 505 is jurisdictional in nature, it appears to encompass the same considerations sought to be protected by the judicially created doctrines of res judicata and collateral estoppel." And, the district court did not distinguish between its discussion of res judicata and § 505.

those items; therefore, it held that the bankruptcy court was free to inquire as to their legality.

We disagree. An assessment by the tax court of the amount of penalty or tax owed presupposes the legality of that assessment. Indeed, the district court recognized that "the amount of the penalties was assessed based upon the agreed stipulation that the tax was legal." It is of no moment that the tax court, in entering the agreed judgment, did not expressly address the legality of what it was adjudicating.

Needless to say, the fact that the tax court's judgment was reached by agreement does not undercut this conclusion; the taxes were still "contested before and adjudicated by" the tax court. *See* § 505(a)(2)(A). In bankruptcy court, Teal's counsel "stipulate[d] that the Tax Court decision was an adjudication"; he cannot contend otherwise here. In any event, "adjudicate" is "[s]ynonymous with *adjudge* in its strictest sense". **Black's Law Dictionary** 42 (6th ed. 1990). Thus, a matter has been "adjudicated" when a "[j]udgment of a court of competent jurisdiction" has been decreed. *Id.* The judgment entered by the tax court, pursuant to the parties' settlement, satisfies § 505(a)(2)(A).[5]

---

[5] Although not necessary to our understanding of the plain meaning of § 505(a)(2)(A), the comments of the House and Senate sponsors of § 505, which are identical, reflect Congress' meaning of the phrase "contested before and adjudicated by":

> [T]he bankruptcy court will not have jurisdiction to rule on the merits of any tax claim which has been previously adjudicated, in a contested proceeding, before a court of competent

- 4 -

B.

1.

This conclusion is buttressed by reference to traditional principles of res judicata; "[s]imply because the Tax Court decision[] [was] reached by agreement does not mean that [Teal's] income tax ... [was] not resolved by a final judgment[] on the merits for the purposes of res judicata. An agreed judgment is entitled to full res judicata effect." *See* **United States v. Shanbaum**, 10 F.3d 305, 313 (5th Cir. 1994) (citing **United States v. International Building Co.**, 345 U.S. 502, 505-06 (1953), **Jones v. Texas Tech Univ.**, 656 F.2d 1137, 1144 (5th Cir. 1981), and **Kaspar**

---

> jurisdiction. For this purpose, a proceeding of the U. S. Tax Court is to be considered "contested" if the debtor filed a petition in the Tax Court by the commencement of the case and the Internal Revenue Service had filed an answer to the petition. Therefore, if a petition and answer were filed in the Tax Court ..., and if the debtor later defaults in the Tax Court, then, under res judicata principles, the bankruptcy court could not then rule on the debtor's or the estate's liability for the same taxes.

124 Cong. Rec. 32250, 32413 (Sept. 28, 1978) (statement of Rep. Edwards); 124 Cong. Rec. 33989, 34013 (Oct. 5, 1978) (statement of Sen. DeConcini). It is not disputed that Teal's petition in the tax court was contested.

The Supreme Court has recognized:

> Because of the absence of a conference and the key roles played by Representative Edwards and his counterpart floor manager Senator DeConcini, we have treated their floor statements on the Bankruptcy Reform Act of 1978 as *persuasive evidence of congressional intent*.

**Begier v. IRS**, 496 U.S. 53, 64 n.5 (1990) (emphasis added; citations omitted).

*Wire Works, Inc. v. Leco Engineering & Mach. Inc.*, 575 F.2d 530, 538-39 (5th Cir. 1978)); *see also* **Matter of West Texas Marketing Corp.**, ___ F.3d ___, No. 92-9061, slip op. 2408, 2412 (5th Cir. Jan. 31, 1994) (recognizing that a settlement agreement between IRS and taxpayer embodied in a judgment is entitled to full res judicata effect).

## 2.

It appears that the district court ruled as it did because of its concerns about the equities of the case.[6] A bankruptcy court, however, is barred by § 505(a)(2)(A) from "employ[ing] its equitable powers to look behind the judgment[]" of the tax court. *See* **Matter of Hammers**, 988 F.2d 32, 34 (5th Cir. 1993).[7] Simply stated, § 505(a)(2)(A), a jurisdictional statute, is mandatory; Congress did not leave bankruptcy courts the discretion to disregard tax court adjudications and concomitantly seize jurisdiction out of equitable concerns.[8]

---

[6]     The district court made a number of statements suggesting that it could not abide by § 505 under the facts of this case, *e.g.*, "the courts must be more protective of the rights and liabilities of individual, unrepresented taxpayers, than of the Internal Revenue Service."

[7]     This conclusion comports with the well-known rule that a federal court may not abrogate principles of res judicata out of equitable concerns. **Federated Dept. Stores, Inc. v. Moitie**, 452 U.S. 394, 401 (1981). Indeed, it must give res judicata effect to a prior judgment even if it would be voidable on appeal because of legal error. *Id.* at 398-99.

[8]     The district court also looked to this court's decision in **Logan Lumber Co. v. Commissioner**, 365 F.2d 846 (5th Cir. 1966), which allowed a stipulated tax court judgment to be set aside because of a subsequent change in the law; however, the change occurred while the case was on direct review. *Id.* at 847, 854-55. Unlike the instant case, **Logan** did not involve a collateral attack

## III.

As the district court recognized, "Teal had the full and fair opportunity to contest the assessed penalties in the Tax Court litigation." Pursuant to § 505(a)(2)(A), the bankruptcy court lacked jurisdiction to entertain claims regarding his 1979 tax year liabilities. Accordingly, the judgment of the district court is

**REVERSED.**

---

on a judgment, and neither res judicata nor § 505(a)(2)(A) was at issue.

The district court also relied on *Brast v. Winding Gulf Colliery Co.*, 94 F.2d 179 (4th Cir. 1938), where the Fourth Circuit allowed a taxpayer to undo a prior stipulated judgment of the Board of Tax Appeals because of a subsequent change in the law. *Id.* at 180. Of course, this case preceded enactment of § 505. And, we agree with the government that *Brast* is distinguishable because it was not clear, at the time *Brast* was decided, whether a decision of the Board of Tax Appeals was res judicata as to a refund action. *See George S. Colton Elastic Web Co. v. White*, 16 F. Supp. 726, 727-28 (D. Mass 1936). In contrast, § 505(a)(2)(A) makes clear that a tax court adjudication precludes a bankruptcy court from having jurisdiction over the same issues. Finally, if *Brast* is read as implying that stipulated judgments entered by the current tax court may be vitiated by subsequent collateral attack, it has been effectively overruled. *See International Building Co.*, 345 U.S. at 506 (agreed tax court judgments entitled to res judicata effect); *Federated Dept. Stores*, 452 U.S. at 398 (erroneous legal conclusions do not alter the res judicata effect of a final judgment).

- 7 -