# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2021

Lyle W. Cayce
Clerk

No. 20-10547

LORITA DAVIS; DESI ARNEZ DAVIS,

*Plaintiffs—Appellants*,

*versus*

OCWEN LOAN SERVICING, L.L.C.; BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK NA, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES SERIES 2004-KS2, FORMERLY KNOWN AS BANK OF NEW YORK TRUST COMPANY, N.A.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-2720

Before OWEN, *Chief Judge*, and GRAVES and HO, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10547

This is an appeal of the district court's dismissal with prejudice of all of the appellants' claims in an action for declaratory relief stemming from a foreclosure matter.  Finding no error, we AFFIRM.

## Facts and Procedural History

Desi Arnez Davis and Lorita Davis purchased real property in Cedar Hill, Texas in 1991.  In 2004, the Davises obtained a home equity loan in the original principal amount of $109,600.  On the same day, the Davises executed a deed of trust to secure the payment of the note.  The Davises began making all of their monthly loan payments to GMAC Mortgage, LLC, which was the servicer on the loan and the predecessor-in-interest to Ocwen Loan Servicing, LLC.  The loan was ultimately assigned to the Bank of New York Mellon Trust Company (hereinafter "the bank" or "Mellon"), which is the current mortgagee of the home.  Ocwen is the agent and loan servicer for Mellon.

On May 1, 2006, the Davises defaulted on the loan.[1]  Of relevance to this appeal, they were sent written notices of default and opportunity to cure on December 28, 2007.  On March 10, 2009, the Davises were sent a written notice from the bank advising that, because they had failed to cure the default pursuant to prior notices, the loan would be accelerated.

On June 11, 2010, the bank, through GMAC, filed its application for home equity foreclosure pursuant to the Texas Rules of Civil Procedure in Dallas County.[2]  The Davises again failed to cure the default pursuant to notices of intent to accelerate on December 19, 2012 and February 15, 2013.

---

[1] The briefs in this matter indicate that the Davises have failed to make a payment on the loan for almost ten years.

[2] The Davises assert that the first application for foreclosure was filed on July 17, 2006 and dismissed for want of prosecution.  Any such filing is not significant to this appeal.

The bank filed a second application for expedited foreclosure in Dallas County on June 21, 2013. The court denied that application on September 4, 2013. The bank filed a third application for expedited foreclosure in Dallas County on February 2, 2016. The state court granted that application by order on April 29, 2016.

On June 2, 2017, the Davises filed suit against Mellon in Dallas County seeking a jury trial, monetary relief of over $100,000, including costs, attorney's fees and other relief, and "to challenge the foreclosure order and to fully ascertain the true and nature and extent, if any, of any alleged default under the note, whether there is actually a default, the extent of that default, or whether proper notices have been given." The bank then filed an answer, asserting various defenses, including res judicata, and a counterclaim.

Subsequently, the state court granted Mellon's motion for partial summary judgment on August 10, 2018 and authorized it to proceed with foreclosure. The court also ordered that the plaintiffs take nothing. On August 24, 2018, Ocwen and the bank sent written notice stating that the property was posted for foreclosure sale on October 2, 2018.

On October 1, 2018, the Davises filed the underlying action against Ocwen and Mellon (collectively "the bank" or "appellees") to delay the foreclosure process, asserting claims for declaratory and injunctive relief and wrongful debt collection practices based upon a miscalculation of the four-year limitations period for foreclosure. The bank removed the action to federal court and moved for dismissal. The Davises were then granted leave to amend their pleadings to withdraw all claims except for declaratory relief. The bank then again moved to dismiss the Davis' second amended complaint under Rule 12(b)(6).

On January 27, 2020, the magistrate judge entered its Findings, Conclusions and Recommendation to grant the motion to dismiss. The

Davises filed an objection that was overruled in its entirety by the district court, which accepted the magistrate judge's recommendation on February 24, 2020. The district court also found that the doctrine of res judicata prevented the Davises from obtaining a declaratory judgment based on the statute of limitations because they could have raised such a defense in opposition to the bank's counterclaim in the 2017 action. Further, the district court declined to create an equitable exception.

The district court entered final judgment of dismissal with prejudice on February 27, 2020. *Davis v. Ocwen Loan Servicing, LLC* (*Davis I*), 3:18-CV-2720, 2020 WL 880855 (N.D. Tex. Feb. 24, 2020). The district court also denied the Davis' motion for reconsideration on May 4, 2020. *Davis v. Ocwen Loan Servicing, LLC*, 3:18-CV-2720, 2020 WL 2110590 (N.D. Tex. May 4, 2020). The Davises filed this appeal.

## STANDARD OF REVIEW

This court reviews "de novo a district court's grant of a Rule 12(b)(6) motion, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Greene v. Greenwood Public School District*, 890 F.3d 240, 242 (5th Cir. 2018) (internal marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

**I. Whether the doctrine of res judicata bars the appellants' request for declaratory relief.**

No. 20-10547

The appellants assert that the doctrine of res judicata does not bar their request for declaratory relief because they merely requested information about the loan in the 2017 lawsuit. The appellants also assert that "the extreme application of res judicata here" would be in contrast to equity or justice, as the application of res judicata penalizes them while giving the appellees a free pass.

The appellees assert that the appellants had the opportunity to raise the statute of limitations defense in opposition to the 2017 counterclaim.

Res judicata applies only where the following four conditions are met:

> First, the parties in a later action must be identical to (or at least be in privity with) the parties in a prior action. Second, the judgment in the prior action must have been rendered by a court of competent jurisdiction. Third, the prior action must have concluded with a final judgment on the merits. Fourth, the same claim or cause of action must be involved in both suits.

*United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). "If these conditions are satisfied, claim preclusion prohibits either party from raising any claim or defense in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action." *Id.* (emphasis original).

Here, the parties dispute only whether both suits involved the same claim. The district court found that, "[g]iven that both the 2017 action and the action at hand involve Defendants' attempt to foreclose upon Plaintiffs' property," it agreed with the magistrate judge that both suits "involve the same claim or causes of action." *Davis I*, 2020 WL 880855, *2. We agree. Further, as set out above, the appellants did not merely request information

in the 2017 action. Moreover, the appellants could have asserted the statute of limitations as a defense to the appellees' counterclaim in 2017.[3]

The district court also declined to "carve out an equitable exception to the application of res judicata based on Plaintiffs' suggestion that this involves an 'extreme application' of res judicata." *Id.* The district court said that doing so "would be to disregard the 'well-known rule that a federal court may not abrogate principles of res judicata out of equitable concerns.'" *Id.* (quoting *In re Teal*, 16 F.3d 619, 622 n.6 (5th Cir. 1994)).

The appellants assert that they are not seeking to carve out an equitable exception, but rather attempting to apply the doctrine within the fundamental principle pronounced by this court. Appellants cite *Dore v. Kleppe*, 522 F.2d 1369 (5th Cir. 1975) for the proposition that "res judicata is a principle of public policy and should be applied so as to give rather than deny justice." *Id.* at 1374. The appellants appear to be suggesting that justice could only be served by not applying res judicata to them rather than applying it. However, *Dore* also reminded us that, "[t]he general rule is that a final judgment is conclusive on the parties as to all questions of fact and law relevant to the same cause of action which were or could have been litigated in the prior proceeding." *Id.* Based on the general rule in *Dore* and the rule set out in *Teal*, 16 F.3d at 622 n.6, quoted above, we likewise decline to adopt the equitable exception that the appellants seek.

The appellants have failed to establish that their request for declaratory relief is not barred by the doctrine of res judicata. Regardless, even if res judicata did not apply, the appellees' attempts to foreclose were not barred by the statute of limitations, as discussed below.

---

[3] Appellants assert that the limitations period expired in 2013.

## II. Whether the deed of trust and power of sale were void under the four-year statute of limitations.

The appellants assert that the appellees' attempts to foreclose are barred by the four-year statute of limitations applicable in Texas. Specifically, the appellants assert that the loan was fully accelerated and declared due and payable in full on March 10, 2009. Thus, the statute of limitations expired in 2013. The appellees counter that the limitations period has not expired because it abandoned the prior 2009 acceleration and reset the limitations period.

Under Texas law, a suit for foreclosure of a real property lien must be brought no later than four years after the day the cause of action accrued. Tex. Civ. Pract. & Rem. Code §16.035(a). "On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." Tex. Civ. Pract. & Rem. Code §16.035(d).

However, even if the holder of the note notifies the borrower of intent to accelerate, the holder may unilaterally abandon the notice of acceleration. *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 105-06 (5th Cir. 2015). "If acceleration is abandoned before the limitations period expires, the note's original maturity date is restored and the noteholder is no longer required to foreclose within four years from the date of acceleration." *Leonard v. Ocwen Loan Servicing, LLC*, 616 Fed. App'x 677, 679 (5th Cir. 2015). Additionally, "a lender can unilaterally abandon an acceleration." *Id*. at 680. This court has further stated, "[l]imitations began to run from the most recent acceleration, not from the earlier accelerations the bank had waived or abandoned." *Martin v. Federal Nat. Mortg. Ass'n*, 814 F.3d 315, 318 (5th Cir. 2016). "As relevant here, the request for payment of less than the full obligation—after initially accelerating the entire obligation—was an

unequivocal expression of the bank's intent to abandon or waive its initial acceleration." *Id.*

Here, the bank sent the Davises additional notices of default with an opportunity to cure and notice of an intent to accelerate on December 19, 2012 and notice of acceleration on February 15, 2013.

Thus, we agree with the district court that the bank's actions constitute an abandonment of the initial notices of acceleration. Because the bank abandoned the 2009 acceleration as a matter of law, the subsequent foreclosure was timely and not barred by the four-year statute of limitations, even absent res judicata.

## CONCLUSION

For these reasons, the district court did not err in dismissing with prejudice all of the appellants' claims in the action for declaratory relief. Thus, we AFFIRM.