# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-60157

———————

MONTRELL GREENE,

      Plaintiff - Appellant

v.

GREENWOOD PUBLIC SCHOOL DISTRICT; DEIRDRE MAYES, in her
official and individual capacities; RANDY CLARK, in his official and
individual capacities; and SAMANTHA MILTON, in her official and
individual capacities,

      Defendants - Appellees

———————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:16-CV-93

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2018

Lyle W. Cayce
Clerk

Before KING, ELROD, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

    Greenwood Public School District (GPSD) hired Montrell Greene as superintendent of schools in April 2013. Greene's contract initially provided for a three-year term of employment. GPSD later extended the contract through June 2018. On January 4, 2016, three members of the GPSD Board of Trustees—Deirdre Mayes, Randy Clark, and Samantha Milton—called a special meeting and voted to terminate Greene's employment. Greene was present at the meeting but was neither informed of the basis for his

termination nor given an opportunity to address the Board. The following day, Greene received a letter from GPSD's attorney stating that he had been "terminated for cause . . . effective January 4, 2016."

Greene filed suit in federal district court against GPSD, Mayes, Clark, and Milton (hereinafter, "Defendants"). His complaint set forth a number of federal and state law claims, but only one of those claims is at issue in this appeal.[1] Pursuant to 42 U.S.C. § 1983, Greene claimed that Defendants violated the Due Process Clause of the Fourteenth Amendment by depriving him of his property interest in his job as superintendent without "provid[ing] [him] a hearing or the opportunity to present a defense before the Board." Defendants moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted that motion and dismissed all of Greene's claims. Greene appeals.

"We review de novo a district court's grant of a Rule 12(b)(6) motion, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff.'" *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 943 (5th Cir. 2018) (quoting *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007)).

"To state a Fourteenth Amendment due process claim under § 1983, 'a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001)). It is undisputed that Greene has sufficiently alleged a property interest in his job and that Defendants' termination of Greene constituted governmental action depriving him of that

---

[1] Greene filed a general notice of appeal but did not brief or argue any aspect of his other claims. Consequently, we deem those other claims abandoned and do not consider them in this appeal.

interest. The sole issue is whether Greene has adequately alleged that he was terminated without receiving the process to which he was entitled under the Fourteenth Amendment. *See Tex. Faculty Ass'n v. Univ. of Tex. at Dallas*, 946 F.2d 379, 383–84 (5th Cir. 1991); *see also Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).

"An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)). In the context of public employment, "[t]his principle requires 'some kind of a hearing' *prior to* the discharge of an employee who has a constitutionally protected property interest in his employment." *Id.* at 542 (emphasis added) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 569–70 (1972)). "'[T]he formality and procedural requisites for [a constitutionally-adequate pre-termination hearing] can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings.'" *Id.* at 545 (quoting *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971)); *Roth*, 408 U.S. at 570 n.8. At a minimum, however, an employee facing termination must be given "notice and an opportunity to respond" *before* the termination takes effect. *Loudermill*, 470 U.S. at 546.[2] Taking the allegations in his complaint as true, Greene did not receive a pre-termination hearing of any sort. He has therefore adequately stated a procedural due process claim.[3]

---

[2] In "rare and extraordinary situations . . . deprivation of a protected interest need not be preceded by opportunity for some kind of hearing," *Roth*, 408 U.S. at 570 n.7, and "a postdeprivation hearing will satisfy due process requirements." *Loudermill*, 470 U.S. at 542 n.7. This case does not present such a situation.

[3] There is no merit to Defendants' contention that Greene asserted a pre-termination procedural due process claim only after the district court granted the motion to dismiss.

No. 17-60157

The district court dismissed Greene's claim because he did not appeal his termination under Mississippi Code § 37-9-113. That provision states that "[a]ny employee aggrieved by a decision of the school board is entitled to judicial review thereof" by filing an appeal in Mississippi chancery court. MISS. CODE ANN. § 37-9-113(1)–(2). The district court concluded that Greene, having failed to seek relief under § 37-9-113, "cannot cognizably argue that he has not received adequate due process."

Assuming that Greene could have obtained meaningful judicial review of his termination by filing an appeal under § 37-9-113,[4] doing so would only have provided him with a *post*-termination hearing. The Fourteenth Amendment entitled him to a hearing *before* he was terminated. Greene's failure to pursue "postdeprivation remedies does not affect his entitlement to predeprivation process." *Chiles v. Morgan*, 53 F.3d 1281, 1995 WL 295931, at *1–2 (5th Cir. 1995);[5] *accord Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 936 (8th Cir. 2012) ("[I]t is not necessary for a litigant to have exhausted available *postdeprivation* remedies when the litigant contends that he was entitled to *predeprivation* process." (quoting *Keating v. Neb. Pub. Power Dist.*, 562 F.3d 923, 929 (8th Cir. 2009))); *Alvin v. Suzuki*, 227 F.3d 107, 120 (3d Cir. 2000) ("[I]f the Constitution requires pre-termination procedures, [even] the most thorough and fair post-termination hearing cannot undo the failure to provide such procedures.").

---

[4] Greene argues that meaningful judicial review was not available to him because Mississippi Code § 37-9-113(3) expressly limits "[t]he scope of review of the chancery court in such cases . . . to a review of the record made before the school board or hearing officer." Since he did not receive any hearing before the school board, Greene contends, there is no "record" for the chancery court to review in assessing his termination.

[5] As an unpublished opinion issued before January 1, 1996, *Chiles* is precedential. 5TH CIR. R. 47.5.3.

No. 17-60157

As this court has recognized, an individual cannot claim to have been unconstitutionally denied pre-deprivation process if he purposely chose not to utilize constitutionally-adequate pre-deprivation procedures that were readily available to him. *Galloway v. Louisiana,* 817 F.2d 1154, 1158 (5th Cir. 1987); *Gurski v. De Leon*, 142 F.3d 1279, 1998 WL 224587, at *2 (5th Cir. 1998) (unpublished opinion); *see also Rathjen v. Litchfield*, 878 F.2d 836, 840 (5th Cir. 1989).[6] In this case, of course, no pre-termination process was afforded to Greene.

Defendants maintain that Mississippi law *prohibited* them from giving Greene a pre-termination hearing. They point to Mississippi Code § 37-9-59, which states that "a school superintendent whose employment has been terminated [for cause, as specified elsewhere in the section,] shall not have the right to request a hearing before the school board or a hearing officer." Defendants' interpretation is certainly not compelled by the text of § 37-9-59. The provision does not expressly oust the school board of authority to grant the superintendent a hearing, should it wish to do so, and can instead be read as simply specifying that the school board is not obligated to provide a hearing upon the superintendent's request. Reading § 37-9-59 as reflecting a distinction between what a school board is prohibited from doing, and what it is permitted, but not required, to do, is consistent with another statutory provision, Mississippi Code § 37-7-301.1, which states that a school board "may

---

[6] The district court appears to have relied on this court's imprecise statement in *Rathjen* that "no denial of procedural due process occurs where a person has failed to utilize the state procedures available to him." 878 F.2d at 839–40. The *Rathjen* court followed that statement by referencing two cases: *Myrick v. City of Dallas*, 810 F.2d 1382 (5th Cir. 1987), which held that a plaintiff could not challenge the adequacy of post-deprivation remedies she chose not to pursue, *id.* at 1388, and *Galloway*, which held that a plaintiff could not claim that he was denied pre-deprivation process that he chose not to pursue, 817 F.2d at 1158. Neither of these cases held that a plaintiff who chooses not to pursue a post-deprivation remedy is precluded from claiming that he was unconstitutionally denied pre-deprivation process.

adopt any orders, resolutions or ordinances with respect to school district affairs . . . which are not inconsistent with . . . any other statute or law of the State of Mississippi." Furthermore, we are reluctant to adopt Defendants' interpretation of § 37-9-59 since doing so would raise serious questions about the provision's constitutionality.

Even if Mississippi law did prohibit Defendants from giving Greene a pre-termination hearing, that would have no effect on the viability of his procedural due process claim. The Fourteenth Amendment required Defendants to afford Greene a pre-termination hearing; a state law prohibiting such a hearing would not diminish Greene's rights under federal law. *See Loudermill*, 470 U.S. at 541. In fact, such a law would indicate that "the deprivation was authorized by the state," thereby "implicat[ing]" the Due Process Clause even more strongly. *See Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821–22 (5th Cir. 2007) (citing *Zinermon v. Burch*, 494 U.S. 113, 127–30 (1990)); *Brooks v. George Cty.*, 84 F.3d 157, 165 (5th Cir. 1996).

The district court's judgment is REVERSED with respect to Greene's property-based procedural due process claim and AFFIRMED with respect to his other claims. This matter is REMANDED to the district court.