# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2019

Lyle W. Cayce
Clerk

No. 18-50920

GO PROFESSIONAL OPS, L.L.C.,

> Plaintiff - Appellant

v.

SHERWIN-WILLIAMS COMPANY; VALSPAR CORPORATION,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-147

Before ELROD, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Go Professional Ops, L.L.C. ("Go Pro") appeals the district court's dismissal of Go Pro's breach of contract, tortious interference, breach of fiduciary duty, and civil conspiracy claims, brought against defendants Sherwin-Williams Company ("Sherwin-Williams") and the Valspar Corporation ("Valspar") (collectively, "defendants"), for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The claims arise

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50920

from a set of agreements (the "agreements") that controlled the conditions of Valspar's purchase of Go Pro's paint delivery business (the "Business"), and from Sherwin-Williams' subsequent purchase of Valspar.[1] Most of Go Pro's claims are predicated on the assertion that Sherwin-Williams breached various provisions of the agreements when it terminated the Business on August 31, 2017.

Upon de novo review,[2] we agree with the district court's conclusion that Go Pro has failed to allege facts sufficient to demonstrate that Sherwin-Williams breached a contractual obligation of the agreements.[3] We agree with the district court that Go Pro's tortious interference and civil conspiracy claims fail for substantially the same reasons.[4] Finally, Go Pro's claims related to a breach of fiduciary duty also fail. There have been no facts alleged that are sufficient to find that Go Pro and Valspar had a special relationship, based on trust and confidence, before they engaged in business transactions for mutual benefit.[5] Accordingly, Go Pro's claims were properly dismissed.

The district court is AFFIRMED.

---

[1] To review the underlying facts of this appeal, see *Go Prof'l Ops, LLC v. Sherwin-Williams Co.*, No. 5:18-CV-147-DAE, 2018 WL 6265117 (W.D. Tex. Oct. 9, 2018). The parties agree that Delaware law applies to the contractual claims, while Texas law controls review of the tort claims.

[2] *Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 242 (5th Cir. 2018).

[3] For the first time on appeal, Go Pro argues that the agreements contain ambiguous terms. Go Pro concedes that this argument was not presented before the district court. Accordingly, Go Pro waived the argument. *See United Nat'l. Ins. Co. v. Mundell Terminal Servs., Inc.*, 740 F.3d 1022, 1029–30 (5th Cir. 2014) (explaining that "failure to raise an argument before the district court waives that argument").

[4] Before the district court, Go Pro did not argue that its tortious-interference claim survived because Sherwin-Williams engaged in a civil conspiracy with Valspar to shut down the business. This argument is therefore waived. *See id.*; *see also Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996) (declining to "allow a party to raise an issue for the first time on appeal merely because a party believes that [it] might prevail if given the opportunity to try a case again on a different theory"). Even on its merits, the argument fails.

[5] *See Meyer v. Cathey*, 167 S.W.3d 327, 330–31 (Tex. 2005) (explaining that "transactions entered into for the parties' mutual benefit . . . do not establish a basis for a fiduciary relationship").