# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2020

Lyle W. Cayce
Clerk

No. 19-11377

Niljka Y. Wright,

*Plaintiff—Appellant*,

*versus*

Arlington Independent School District,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-278

Before Dennis, Higginson, and Willett, *Circuit Judges*.
Per Curiam:*

Niljka Wright filed this employment-discrimination case against her former employer, Arlington Independent School District (AISD), bringing claims under the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), Title VII, Title VI, the Family and Medical Leave Act (FMLA), the Fair Labor Standards Act (FLSA), and 42

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-11377

U.S.C. § 1983. The district court dismissed Wright's suit with prejudice for failure to state a claim, and we affirm.

I

Wright worked as an AISD employee for several years, most recently serving as a Title I liaison. AISD terminated her employment contract in the second half of 2018.

Wright alleges that AISD personnel "repeatedly and systematically mistreated" her at work, took no action to prevent or stop the alleged misconduct, and retaliated against her for reporting the alleged misconduct. Wright alleges several instances of discriminatory conduct by AISD personnel, including: unwanted and inappropriate touching by her AISD supervisor; instances of physical and verbal assault (such as being screamed at and cursed at); unilateral changes to her work schedule; invasion of her privacy; subjection to surveillance while at work; harassing emails; inaccurate, negative performance evaluations; misstatements of her work hours; underpayment; treatment different from that shown to employees of other ethnicities; and interference with her Title I liaison work responsibilities.

On September 28, 2016, Wright filed a charge of discrimination with the Texas Workforce Commission (TWC) Civil Rights Division, alleging that AISD violated Title VII, the ADEA, and the ADA. On March 6, 2017, the Equal Employment Opportunity Commission (EEOC) adopted TWC's findings and issued a "Dismissal and Notice of Rights," or right-to-sue letter, which stated: "You may file a lawsuit against the respondent[] under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." Wright did not file suit against AISD within this 90-day period.

2

No. 19-11377

Instead, on February 1, 2018, Wright filed a second charge with TWC, alleging that AISD retaliated against her in violation of Title VII. On August 6, 2018, the EEOC adopted TWC's findings and issued a second "Dismissal and Notice of Rights," or right-to-sue letter, which also explicitly stated that Wright had 90 days to file a lawsuit against AISD.

On October 29, 2018, Wright attempted to intervene as a plaintiff in an existing lawsuit against AISD, *Garza v. Arlington Independent School District*, No. 4:18-CV-00829. On March 1, 2019, the district court in *Garza* dismissed her from that case.

On April 2, 2019, Wright filed this case against AISD. She later amended her complaint, alleging violations of the ADEA, ADA, FLSA, Title VI, Title VII, and 42 U.S.C. § 1983.

AISD moved to dismiss Wright's complaint under Rule 12(b)(6) for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The district court granted AISD's motion and dismissed Wright's case with prejudice, finding her ADEA, ADA, and Title VII claims were time-barred and her Title VI, § 1983, FMLA, and FLSA claims failed to state a plausible claim for relief. Wright appealed, and, for the reasons discussed below, we affirm.

II

We review a district court's Rule 12(b)(6) dismissal de novo. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (citation omitted). To survive a motion to dismiss, the plaintiff must plead facts that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). We accept all well-pleaded facts in the complaint as true and view them in the

light most favorable to the plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). But a plaintiff's "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) (citation omitted).

### III

On appeal, Wright raises three arguments: (1) her ADA, ADEA, and Title VII claims are not time-barred; (2) she sufficiently pleaded independent claims under the ADA and ADEA; and (3) she sufficiently pleaded her claims under Title VII, Title VI, FMLA, FLSA, and § 1983. We address each argument in turn.

### A

First, we address whether Wright's ADA, ADEA, and Title VII claims were timely. Under the ADA, ADEA, and Title VII, a plaintiff has 90 days to file suit in federal court after she receives the EEOC's right-to-sue letter. *See* 42 U.S.C. § 12117(a) (ADA); 29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 2000e-5(f)(1) (Title VII). If the parties dispute the date of receipt, if the date is unknown, or if the plaintiff fails to allege the date of receipt, we presume that the plaintiff received the EEOC's letter, at most, seven days after it was mailed. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 380 (5th Cir. 2002). But, even with this generous presumption, we strictly construe a plaintiff's requirement to file suit within 90 days after receiving the EEOC's letter. *Id.* at 379.

Here, the EEOC mailed its first right-to-sue letter on March 6, 2017, and its second on August 6, 2018. Because the record does not indicate when Wright received the two letters, we presume that she received them seven days later. So the 90-day window to sue AISD began March 13, 2017 for the first letter and August 13, 2018 for the second.

Wright did not file suit within 90 days after receiving her first letter: More than two years passed between the presumed date of receipt (March 13, 2017) and the date she brought suit (April 2, 2019). Nor did Wright file in time for the second letter: More than 90 days passed between the presumed date of receipt (August 13, 2018) and the date she brought suit (April 2, 2019). Because Wright did not file her claims within 90 days after receiving either EEOC letter, the claims are time-barred, and the district court properly dismissed them.

Wright argues that her ADA and ADEA claims are not time-barred because she sought relief under these claims independent of the relief sought under her Title VII claim, so these claims were not subject to Title VII's requirement that a suit be filed within 90 days. This argument contradicts the clear text of the ADA and ADEA, both of which incorporate Title VII's explicit requirement that the recipient of a right-to-sue letter must file suit within 90 days. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA); 29 U.S.C. § 626(e) (ADEA).

Wright further argues that a court must resolve factual questions to enforce the time limitations for filing suits under the ADA and ADEA, and the district court improperly based its ruling on the pleadings, rather than an evidentiary review at summary judgment. However, this argument fails because a district court may grant a motion to dismiss "where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014).

Wright contends her Title VII claim is not time-barred because her unsuccessful attempt to intervene in the *Garza* lawsuit against AISD should toll the 90-day period to file. Wright does not cite any precedent to support the claim that an unsuccessful attempt to intervene in a pending lawsuit

should toll the 90-day period. And even if we accepted this tolling argument, Wright did not timely file her suit. After the district court dismissed Wright from the *Garza* suit, Wright had only a few days to file suit against AISD to fall within the 90-day window. But she waited 31 days after being dismissed from *Garza* to file the present case, well beyond the tolled 90 days after she received her right-to-sue letter. Because Wright did not file her Title VII, ADA, and ADEA claims within the statutorily required 90-day period, the district court properly dismissed those claims as time-barred.

Wright also argues that she sufficiently pleaded independent claims under the ADA and ADEA. However, because those claims are time-barred, we need not address this argument.

## B

Wright next maintains she sufficiently pleaded her Title VI, § 1983, FMLA, and FLSA claims. We address each claim in turn.

### 1

First, Wright argues that she sufficiently pleaded a claim under Title VI. Title VI provides that no person shall, "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity" covered by Title VI. 42 U.S.C. § 2000d. Title VI "prohibits only intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001).

To survive a motion to dismiss, Wright's complaint must plead facts to plausibly show that AISD intentionally discriminated against her. *See Canutillo Indep. Sch. Dist. v. Leija*, 101 F.3d 393, 397 (5th Cir. 1996). Wright's complaint does not allege sufficient facts to support a finding of intentional discrimination by AISD. Wright's complaint alleges she is of South American heritage and Hispanic ethnicity, but she never alleges facts

No. 19-11377

showing that she was treated differently because of her heritage or ethnicity. Because Wright's complaint fails to allege facts showing discriminatory intent, she fails to sufficiently plead a valid Title VI claim.

2

Second, Wright brings § 1983 claims, alleging that AISD violated her First and Fourteenth Amendment rights. To sufficiently plead a § 1983 claim for employment retaliation related to speech in violation of the First Amendment, a plaintiff must show: "(1) he suffered an adverse employment action; (2) he spoke as a citizen on a matter of public concern; (3) his interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action." *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016) (quoting *Nixon v. City of Houston*, 511 F.3d 494, 497 (5th Cir. 2007)). To sufficiently plead a Fourteenth Amendment due-process claim under § 1983, a plaintiff must (1) "identify a protected life, liberty, or property interest" and (2) "prove that governmental action" deprived her of that interest. *Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 242 (5th Cir. 2018) (citation omitted). And for both First and Fourteenth Amendment claims under § 1983, the plaintiff's "complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990) (citations omitted).

Wright argues her complaint includes sufficient factual allegations to "create the reasonable impression" that AISD violated her First Amendment rights.[1] In her complaint, Wright alleges "she made [AISD

---

[1] In her complaint, Wright alleges that AISD denied her "right to expression and peaceable assembly," but, on appeal, she does not raise any arguments about the alleged denial of her right to peaceable assembly.

personnel] aware of mistreatment" that she was experiencing and AISD retaliated against her "for having brought the misconduct to people's attention." But her complaint does not provide any facts about the speech that allegedly precipitated AISD's retaliation; instead, her § 1983 claim relies on a legal conclusion that her First Amendment right was violated. Even if she had identified specific facts, Wright has failed to make a facially plausible showing that she spoke on a matter of public concern. Instead, her allegations relate to internal workplace grievances that affect Wright "in a purely personal manner" and are thus not constitutionally protected. *Gibson v. Kilpatrick*, 838 F.3d 476, 484–85 (5th Cir. 2016) (citations omitted). *See also Connick v. Myers*, 461 U.S. 138, 154 (1983). Accordingly, she has failed to sufficiently plead a § 1983 claim based on a First Amendment violation.

Wright also argues her complaint includes sufficient facts to show that her procedural due process rights under the Fourteenth Amendment were violated when AISD failed to provide her with a hearing.[2] In her complaint, Wright alleges that on October 26, 2017, she went to have a grievance hearing, but the hearing officer—the AISD supervisor she alleges inappropriately touched and harassed her—"denied [her] anything approaching a fair hearing and summarily dismissed her many grievances." She also alleges that she "repeatedly presented her complaints to AISD and underwent many administrative procedures," and that "AISD consistently and intentionally failed and refused to provide her fair hearings." Accepting these allegations as true, Wright has failed to allege facts identifying a protected interest and showing that the government took that interest away.

---

[2] In her complaint, Wright alleges that AISD denied her "equal protection, procedural due process, and substantive due process." But on appeal, Wright does not raise any arguments about the alleged equal protection and substantive due process violations.

Wright thus fails to make a facially plausible showing that AISD violated her procedural due process rights.

3

Third, Wright brings a FMLA claim. FMLA provides eligible employees with the right to take reasonable leave based on certain medical circumstances, 29 U.S.C. § 2612(a), and prohibits employers from interfering with that right, 29 U.S.C. § 2615(a). To be eligible for leave under the FMLA, an employee must have been employed for at least 12 months by the employer and for at least 1,250 hours of service with the employer during the previous 12-month period. 29 U.S.C. § 2611(2)(A). In her complaint, Wright alleges that she requested medical leave twice—in 2014 after she broke her arm and in 2017 after she dislocated her shoulder—and that AISD denied her requests, claiming she had not worked enough hours to be eligible for FMLA leave. Nowhere in Wright's complaint does she allege facts to show that she worked the requisite number of hours to be eligible for FMLA leave. On appeal, Wright refers to the "work-hour reports" detailed in her complaint as proof that she was eligible for FMLA leave. But this reference points merely to another allegation that AISD denied her request to submit reports of the hours she worked in order to correct her wages. Accepting this allegation as true, it shows at most that AISD did not have accurate records of her hours. Because that allegation does not show Wright was eligible for FMLA leave, she fails to make a plausible facial showing that AISD interfered with her FMLA right and thus fails to state a valid FMLA claim against AISD.

4

Finally, Wright brings a FLSA claim. The FLSA provides a cause of action for employees to recover unpaid minimum wages and overtime compensation. 29 U.S.C. § 216(b). Wright alleges that AISD did not pay her

No. 19-11377

the correct wages in 2016, 2017, and 2018 and that AISD rejected her repeated attempts to submit accurate records of the hours she worked. Accepting these allegations as true, Wright fails to allege facts supporting a plausible inference that she worked a particular number of hours for which she was not paid or was underpaid. Accordingly, Wright fails to state a FLSA claim.

IV

For all these reasons, we AFFIRM the district court's dismissal.